[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The complainant in the initial proceeding, Claude Lajoie, filed a complaint of discrimination against the defendant, his former employer, on September 15, 1981, with the Connecticut Commission of Human Rights and Opportunities ("CCHRO"). His complaint alleged that the defendant discriminated against him on the basis of his alleged physical disability, by failing to reinstate him to his former position, an over-the-road truck driver on June 17, 1981, allegedly in violation on of 46a-60(A)(1) of the Connecticut General Statutes. The defendant has maintained at all times that its failure to reinstate the complainant was predicated on his physical inability to perform the essential duties of his driving job and not because of an act of discrimination based on his disability. CT Page 8304
On October 27, 1983, the CCHRO found "reasonable cause to believe that discrimination had occurred some two years after the filing of the complaint. Although attempts to conciliate the charge failed the matter was not scheduled for public hearing until April 10, 1989, nearly eight years after the filing of the initial complaint and almost six years after the finding of "reasonable cause". On April 10, 1989, CCHRO issued a complaint and scheduled a hearing before Hearing Examiner, John F. Stafstrom, for May 24, and 25, 1989. The defendant filed an answer on April 25, 1989 denying the allegation or the Complaint and asserting various affirmative differences. On May 22, 1989, the CCHRO filed a Motion to Amend the Complaint.
Following a postponement of the May 24th hearing to allow the parties to brief the issues raised by the motion to amend, the hearing examiner issued a decision denying the CCHRO's motion to amend. Thereafter trial depositions were conducted and the matter was heard on September 20, and 21; October 6, and November 9, 1989. In accordance with the schedule set by the hearing examiner, the company and the CCHRO submitted post-hearing briefs on February 6, 1990 and reply briefs on February 20, 1990. On May 18, 1990, the hearing examiner issued his written decision and order in favor of the defendant.
CCHRO then took an appeal to this court by complaint dated June 18, 1990 and returnable July 17, 1990, practically 9 years after the filing of the initial complaint by Lajoie. In its brief filed with the court CCHRO relied on two claims stated thusly: (1) The administrative decision in this case cannot stand because the hearing officer used an incorrect legal standard in reaching his decision as to whether or not illegal discrimination had been proven, and (2) the hearing officers denial of the motion to amend the administrative complaint was reversible error.
In this matter, the court has a very limited function. "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the record to support an agency's findings of basic fact and whether conclusions drawn from those facts are reasonable." Connecticut Light Power Co. v. Department of Public Utility Control,216 Conn. 627, 639 (December 1990). The substantial evidence standard is satisfied if the record provides a "substantial basis of fact from which the fact in issue can be reasonably inferred. . . ." Lawrence v. Kozlowski, 171 Conn. 705, 773 (1976). It is not a question of whether this court would necessarily reach the same conclusion but rather whether there is a substantial basis in the record from which the hearing examiner could reach the conclusion he CT Page 8305 did reach. As to the claimed error of law, the court, of course, has the primary responsibility for determining that the law has been correctly applied. While the court cannot retry the facts if ". . . the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts." United Parcel Service, Inc. v. Administrator, 209 Conn. 381, 385 (1988).
The first issue raised by the appellant is that the hearing examiner used the wrong legal standard in deciding the case. When the case was heard before the examiner there was a difference of opinion between the parties as to the standard to be applied. CCHRO claims that the hearing examiner improperly applied the disparate treatment test articulated by the United States Supreme Court in McDonnell Douglas v. Green,411 U.S. 792, 802 (1973), when he should have applied the "mixed notice" or "direct evidence" theory set forth in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). It is clear that the examiner carefully evaluated the case under both legal theories and came to the same conclusion either way.
In his decision the hearing examiner concluded:
 "Under either the McDonnell Douglas standard or the standards suggested by the CCHRO (direct evidence standard), the facts fail to establish that (the company's) June 1981 decision to deny (Lajoie) the opportunity to work was motivated by its intent to discriminate because of his alleged physical disability. The evidence in this case establishes that based upon all the information available to the (Company), at that time; (Lajoie) was not `qualified' to drive a tractor trailer."
There was no misapplication of the law and there were sufficient facts in the record to support the conclusions reached. Basically the conclusion was that there was no discrimination against a class of disabled people but rather that Mr. Lajoie was not qualified to do the job.
As to the second issue raised by CCHRO that the hearing examiner was required to grant its motion to amend, there is no merit to that claim. The motion was made on the eve of trial and after careful consideration by the examiner was denied. Such action was within the examiners discretion CT Page 8306 and was not a matter of absolute right. The court sees no abuse of discretion under the circumstances of this case where the amendment was first but forth some eight light years after the initial complaint and on the eve of trial.
In short, the court finds no error of law, no lack of facts to support the conclusion reached and no abuse of discretion. The court, therefore, affirms the decision as rendered.
WILLIAM M. SHAUGHNESSY, JR. JUDGE, SUPERIOR COURT