[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de APPEAL FROM ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL
The plaintiff was terminated from her position as Director of the Department of Employment of the City of Waterbury on February 5, 1991. The plaintiff appealed the discharge and the arbitrator ruled she be restored to her former position. The City appealed that holding and the City ultimately prevailed at the completion of the administrative process. The plaintiff appealed to the Superior Court in December, 1991.
In June 5, 1992 the plaintiff filed a claim for unemployment compensation benefits which was denied as untimely. That decision was upheld by the Appeals Referee and the Board of Review. The plaintiff then filed this appeal.
The Board of Review concluded that the plaintiff may have had good cause to delay filing a claim during the grievance process which process was exhausted on October 16, 1991. The plaintiff's appeal to court was made in December, 1991. The ensuing five month delay from December, 1991 to June, 1992 was found to constitute lack of due diligence, since the reason given for delaying the claim no longer existed, the board concluded.
While the grievance process was proceeding, the plaintiff was advised by both her attorney and her erstwhile employer not to file for unemployment lest such action adversely affect her arbitration. Once the process concluded, her reason for delaying the claim no longer existed, in the eyes of the Board of Review.
Unless this court finds such conclusion arbitrary, capricious, or unsupported by the record, that conclusion must stand. United Parcel Service, Inc. v. Administrator, 209 Conn. 381.
The general rule provides that a claimant must file during the first week of unemployment. There are certain exceptions CT Page 2369 recognized by the regulations as expanded by Piaccentini v. Administrator, Case No. 1140-86-BR-1647-E-86 (1987) which set a reasonable person standard. The board determined that good cause ended as of December, 1991. There is nothing in the record to contradict the board's conclusion which enables this court to hold such conclusion to be arbitrary or contrary to law or unreasonable. The court cannot substitute its judgment or evaluation of the facts in place of the board's evaluation.
The plaintiff's appeal is dismissed.
HARRIGAN, J.