[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pursuant to General Statutes § 31-249b, the plaintiff, Gary Welskopp, appeals from a decision of the Employment Security Board of Review (Board of Review) upholding a denial by the defendant, Administrator, Unemployment Compensation Act, of the plaintiff's claim for Trade Readjustment Allowance ("TRA") benefits.
On April 16, 1993, the plaintiff, a jet engine parts employee, was laid off by his employer Pratt Whitney Aircraft. (Return of Record [ROR], Item 2: Memo from Thomas D'Aquila, UI Program Support with Attachments, March 6, 1995). On December 13, CT Page 3845 1994, pursuant to a petition filed by Pratt Whitney employees, the Office of Trade Adjustment Assistance found that "increases of imports of articles like or directly competitive with jet engine parts produced at . . . Pratt Whitney . . . contributed importantly to the . . . partial separation of workers at that firm." (ROR, Item 2). Accordingly, the Office of Trade Adjustment Assistance found that all Pratt Whitney employees that became totally or partially separated on or after September 7, 1993 were eligible for TRA benefits. (ROR, Item 2).
The plaintiff filed a claim for TRA benefits with the defendant but the defendant denied this request because Pratt 
Whitney terminated his employment before the impact date of September 7, 1993. (ROR, Item 2). The plaintiff appealed and both the appeals referee and the Board of Review upheld the defendant's decision. (ROR, Items 6 and 9: Decision of Appeals Referee, March 31, 1995; Decision of the Board of Review, May 26, 1995). The plaintiff has filed a timely appeal from the Board of Review's decision to this court.
To the extent that an appeal pursuant to § 31-249b
concerns findings of fact, the court is limited to a review of the record. United Parcel Service. Inc. v. Administrator,209 Conn. 381, 385 (1988). "The court must not retry facts nor hear evidence." Id If the issue is one of law, the court must determine whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Id.
To receive TRA benefits, the "individual's first qualifying separation . . . must occur: . . . [o]n or after the impact date of such certification. . . ." 20 C.F.R. § 617.11(a)(2)(ii)(A). In the present case, the Office of Trade Adjustment Assistance set the impact date of certification as September 7, 1993. Pratt Whitney laid the plaintiff off on April 16, 1993, over four months before the impact date. Accordingly, the plaintiff is not entitled to TRA benefits. Therefore, the Board of Review's decision is correct and the plaintiff s appeal is dismissed.
Freedman, J.