[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 9009
In this appeal the Plaintiff (Town of Montville Town Planner) challenges the decision of the Freedom of Information Commission thereinafter "FOIC") in its contested case docketed as FIC 94-377 "David Collins and The Day against the Mayor of Montville and Montville Town Planner."
This appeal is brought pursuant to General Statutes §1-21i(d) and 4-183 (b).
The underlying complaint to the FOIC was by Mr. David Collins a staff writer for The Day newspaper in New London, Connecticut. Mr. Collins alleged that the Montville Mayor and Town Planner had refused to release copies of proposals concerning access roads to the Mohegan Indian Casino, located within the Town of Montville.
The FOIC on May 9, 1994 issued a single Notice of Hearing and Order to Show Cause to the Mayor and Town Planner. The single notice addressed to both parties was received at the town office and signed for on May 10, 1995. The hearing was scheduled on May 24, 1995.
The Plaintiff Town Planner was not personally advised of the hearing date and thus failed to appear. The Mayor did not attend the May 24, 1995 FOIC meeting, and failed to appeal the resulting decision.
The FOIC hearing officer proceeded with the hearing on May 24. The only evidence was presented by a representative of "The Day" newspaper. The evidence indicated that the reporter requested the information on October 21, 1994, but was told the route information would only be available when a final route was determined. The information was in fact made available on November 15, 1994 in connection with a special town council meeting.
Plaintiff's counsel called the FOIC office and wrote on May 25, 1995; reporting the failure of the Town Planner to receive notice, and requesting a hearing. The FOIC did not respond to this communication.
On or about July 12, 1995 the FOIC hearing officer issued a proposed decision finding the Mayor and Town Planner had violated the Freedom of Information Act (hereinafter "FOIA"). CT Page 9010
The Plaintiff, through legal counsel, objected to adoption of the hearing officer's proposed decision, and requested an opportunity to present evidence on the complaint.
The FOIC denied Plaintiff's objections and request for a hearing and adopted the hearing officer's report on July 26, 1995. Notice of the FOIC final decision was issued on July 28, 1995.
The final decision in addition to finding that the Montville Mayor and Town Planner had violated the FOIA; also directed the town officials to "strictly comply with the requirements" of the FOIA in the future.
The issue of the Plaintiff's aggrievement is not conceded by the FOIC.
In appeals pursuant to General Statutes § 1-21i(d) there is a twofold test for aggrievement. Aggrievement requires a showing of (1) a specific personal and legal interest in the subject matter of the FOIC decision, and (2) a special and injurious effect on this specific interest. Zoning Board ofAppeals v. FOIC, 198 Conn. 498, 502 (1986); Local 1303 Local1378 v. FOIC, 191 Conn. 173, 176 (1983).
A genuine likelihood of criminal or civil liability is sufficient to confer standing. Maloney v. Pac, 183 Conn. 313,321-22 (1981); Kuker v. Orkis, 169 Conn. 66, 73 (1975) General Statutes § 1-21k(b) makes an FOIA violation a criminal class B misdemeanor. Such a risk of prosecution established the requisite "specific and personal" interest in the validity of such order. Board of Pardons v. FOIC, 210 Conn. 646, 650 (1989). This is even the case where the order is prospective in nature.Kelly v. FOIC, 221 Conn. 300, 314 (1992).
Finding that the Plaintiff is aggrieved and the appeal timely; we will address the merits.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that CT Page 9011 substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the Plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v. Departmentof Health Services, 220 Conn. 86, 94 (1991).
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks omitted.) Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452 (1988).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service, Inc. v.Administrator, Unemployment Compensation Act, 209 Conn. 381, 385
CT Page 9012 (1988).
The Plaintiff asserts that she has a defense at law to the claimed violation of the FOIA. Plaintiff characterizes the information available on October 21, 1995 as preliminary drafts which were ultimately released on November 15, 1995. Arguably preliminary drafts may be exempt from disclosure, pursuant to § 1-19 (b)(1).
The Court agrees with Plaintiff's contention that under the facts of this case it was an abuse of discretion to refuse to afford Plaintiff an opportunity to present her defense. Plaintiff though identified as one of only two respondents to the complaint, was not provided separate notice of the hearing. The single notice identifying both respondents was made known to the Mayor, but not the Town Planner. There was no history of a failure by the respondents to respond to FOI complaints or procedures. A delay, occasioned by the continuance for a further evidentiary hearing would not have significantly impacted the complainant, who was in possession of the information months before the hearing.
The volume of cases affecting our administrative agencies and courts inevitably occasion delays, but should not be the rationale for denying a fair hearing to a party facing legal sanctions. Even if the delay is at least equally the fault of the party's inattention.
The only practical consequence to affording the Plaintiff her administrative "day in court" was on the agency statistics. Such administrative concerns must give way to a good faith desire for an opportunity to be heard on the merits.
The appeal is sustained. The matter is remanded to the FOIC for purposes of vacating its decision in case #94-377 as it relates to the Plaintiff. If further proceedings are necessary on the complaint in #94-377; a hearing should be held to allow Plaintiff to assert her defense to the alleged FOIA violation.
Robert F. McWeeny, J.