[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this administrative appeal the issue concerns the construction and application of General Statutes § 1-21 (g). This provision relates to the "Executive Sessions" of a public agency, and is a component of the Freedom of Information Act (hereinafter "FOIA") General Statutes § 1-7
et seq.
The public agency involved in this case is the plaintiff, the East Lyme Water and Sewer Commission. The respondents are the Freedom of Information Commission (hereinafter "FOIC") and Mr. Joseph Mingo, a member of the East Lyme Water and Sewer Commission (hereinafter "Commission").
The plaintiff is an agency of the town of East Lyme and a public agency for the purposes of the FOIA. The FOIC is an agency of the State of Connecticut empowered to enforce the FOIA, General Statutes § 1-21j.
General Statutes § 1-21 (g) provides in pertinent part; CT Page 391-H "(a) At an executive session of a public agency, attendance shall be limited to members of said body and persons invited by said body to present testimony or opinion pertinent to matters before said body provided that such persons' attendance shall be limited to the period for which their presence is necessary to present such testimony or opinion and, provided further, that the minutes of such executive session shall disclose all persons who are in attendance. . . ."
The facts found by the FOIC and evident in the Record are that the plaintiff commission at its regular meeting of July 25, 1995 convened in executive session for the discussion of the outcome of a civil suit concerning the construction of a portion of the town's sewer system.
In addition to the commission members and legal counsel; the executive session attendees included the following East Lyme staff members and officials; Director of Public Works, Finance Director, Superintendent of Sewer Operations and Superintendent of Utilities. Mr. Mingo objected to the present of the town officials and staff persons at the executive session. The other members of the commission supported the presence of these non-commission members during the executive session.
The FOIC found that East Lyme had violated the FOIA, CT Page 391-I specifically General Statutes § 1-21g(a).
East Lyme was ordered to strictly comply with the provisions of General Statutes § 1-21g(a) and the decision noted that further violations put them at risk of civil penalties of up to $1,000.00.
The FOIC contests the aggrievement of the plaintiff under General Statutes § 4-183 of the Administrative Procedures Act and General Statutes § 1-21i(d). In appeals under General Statutes §§ 1-21i(d) and 4-183 (b) there is a twofold test for aggrievement. Aggrievement requires a showing of (1) a specific personal and legal interest in the subject matter of the FOIC decision, and (2) a special and injurious effect on this specific interest. Zoning Board ofAppeals v. FOIC, 198 Conn. 498, 502 (1986); Local 1303 Local 1378 v. FOIC, 191 Conn. 173 (1983).
A genuine likelihood of criminal or civil liability is sufficient to confer aggrievement status. Maloney v. Pac,183 Conn. 313, 321-22 (1981); Kuker v. Arkis, 169 Conn. 66,73 (1975). General Statutes § 1-21k(b) makes an FOIA violation a criminal Class B misdemeanor. Such a risk of prosecution establishes the requisite "specific and personal" interest in the validity of such order. Board ofCT Page 391-JPardons v. FOIC, 210 Conn. 646, 650 (1989). This is even the case where the order is prospective in nature. Kelly v.FOIC, 221 Conn. 300, 314 (1992).
The Plaintiff, East Lyme, is aggrieved and has filed a timely appeal of the FOIC decision. The FOIC notice of decision was issued on May 17, 1996 and the appeal had been served and filed by June 10, 1996. The Record was filed August 23, 1996, the Plaintiff's Brief October 3, 1996 and the FOIC Brief on November 14, 1996. The plaintiffs also filed a Reply Brief on December 11, 1996. The parties appeared and were heard in oral argument on January 13, 1997.
In its appeal East Lyme challenges the standing of Mr. Mingo to have filed the underlying complaint to the FOIC. The short answer to any challenge to Mr. Mingo's capacity is found in the articulation of his grievance found in the record.
 My right to ask counsel questions relative to the performance of Town employees without having to perjure myself or to be subject to suit by asking questions that could be intimidating. The only place I can ask the questions if Town employees contributed to the cost of this suit or CT Page 391-K the mistakes that were made are in executive session and that right was denied to me.
Record (p. 8 of Transcript of FOIC hearing).
There can be no question that Mr. Mingo could bring his claim of a denial of FOIA rights to the FOIC pursuant to General Statutes § 1-21i. ("Any person . . . denied any other right conferred by section . . . 1-20a and 1-21 to 1-21k, inclusive, may appeal therefrom to the Freedom of Information Commission. . . .") Mr. Mingo's participation in the executive session with the staff members present can hardly amount to a waiver of his FOIA rights.
 Waiver is the intentional abandonment of a known right. Brown v. Employer's Reinsurance Corp., 206 Conn. 668, 675 (1988). `Waiver is the voluntary relinquishment of a known right. It involves the idea of assent, and assent is an act of understanding . . . intention to relinquish must appear, but acts and conduct inconsistent with intention to [relinquish] are sufficient.' Mackay v. Aetna Life Ins. Co., 118 Conn. 538, 547-48
(1939); see Phoenix Mutual Life Ins. Co. v. Brenckman, 148 Conn. 391, 396 (1961). CT Page 391-L
Soares v. Max Services Inc., 42 Conn. App. 147, 175 (1996).
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v.Department of Health Services, 220 Conn. 86, 94 (1991).
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public Utility Control, 219 Conn. 51, CT Page 391-M 57-58 (1991). Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks omitted.) Board ofEducation v. Freedom of Information Commission,208 Conn. 442, 452 (1988).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application CT Page 391-N of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion."United Parcel Service, Inc. v. Administrator, UnemploymentCompensation Act, 209 Conn. 381, 385 (1988).
If there is any ambiguity in the language of General Statutes § 1-21g(a) regarding staff presence, it is resolved by a review of the public policy involved and the facts of this case.
 The overarching legislative policy of the FOIA is one that favors the open conduct of government and free public access to government records. Perkins v. Freedom of Information Commission, 228 Conn. 158, 166 (1993). . . . The sponsors of the FOIA understood the legislation to express the people's sovereignty over the agencies which serve them . . . and this court consistently has interpreted that expression to require a diligent protection of the public's right of access to agency proceedings. [The] construction CT Page 391-O of the [FOIA] must be guided by the policy favoring disclosure and exceptions to disclosure must be narrowly construed (citations and internal quotation marks omitted).
Glastonbury Education Assn. v. FOIC, 239 Conn. 704, 710
(1995).
Thus executive sessions which are exceptions to public access and disclosure should be limited and the provisions allowing them must be narrowly construed. The staff persons in attendance at the July 25th meeting offered no express testimony or opinions. How can it have been improper for the FOIC to construe that their presence was unnecessary. "In cases involving administrative appeals it is not the function of . . . the trial court, to retry the case or to substitute its judgment for that of the agency. . . ." (Citations and internal quotation marks omitted.) Kalakowski v. Hadley,43 Conn. App. 636, 642 (1996).
The substantial evidence rule governs judicial review of administrative decisions. "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision CT Page 391-P must be upheld." Conn. Building Wrecking Co. v. Carrothers,218 Conn. 580, 601 (1991).
This is especially the case when General Statutes § 1-21g(a) specifically provides that non-public agency members should leave when their testimony or opinion has been provided.
The plaintiff argues that the FOIC opinion in this case will confuse local public agencies and fails to provide guidance. To the contrary the opinion is clear that staff should not attend executive sessions, unless it is specifically necessary for them to testify or give an opinion. Further, such attendance should be limited to the time necessary for the articulation of the testimony or opinion. The opinion indicates that the law, General Statutes § 1-21g(a), is to be strictly followed.
The appeal is denied.
Robert F. McWeeny, J.