[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiffs (Robert Boone and The Journal Inquirer) appeal from the decision of the Freedom of Information Commission (FOIC) dismissing their claim that the State of Connecticut Office of Policy Management (OPM) violated the Freedom of Information Act (FOIA) General Statutes § 1-7 et seq. The Plaintiffs' appeal is authorized pursuant to General Statutes § 1-21i (4)(d) and § 4-183 of the Uniform Administrative Procedures Act. CT Page 9241
The Plaintiffs claim that Mr. Boone, a reporter; was barred from attending a meeting[1] at the OPM office on August 3, 1995.
The case turns on whether the August 3, 1995 get together was a "meeting" for purposes of § 1-18 (b) of the FOIA.
The facts underlying the appeal are essentially undisputed.
The Town of Windsor Locks contains a portion of the land used by the State of Connecticut for Bradley Field. The State gives to towns annual grants pursuant to a Payment in Lieu of Taxes (PILOT) program which is administered by OPM.
A substantial factor in the amount of the PILOT payment to a town is the valuation of the property.
OPM advised the Town of Windsor Locks by letter of July 17, 1995 that it was proposing a very substantial reduction in the valuation of its Bradley Field land, which would dramatically reduce PILOT revenues. (Reducing one valuation from $378,175,000 to $75,635,000, with an approximate one million dollar payment reduction). The letter (R. #6) advised Windsor Locks that final action had not been taken, but a final decision could be made by the OPM Secretary if no contact was made by OPM before the end of the month.
The town officials contacted OPM and a meeting was arranged for August 3, 1995 at OPM. Mr. Boone requested to be admitted, but was denied access by OPM. The gathering included the OPM undersecretary, 3 OPM staff members, the town first selectman, the town board of finance chairperson, town attorney, a state representative, a state senator, an assistant attorney general and the town's contract assessor.
The meeting involved the town seeking to present it's assessment information, but the undersecretary used the meeting in an attempt to establish a procedure for arriving at an agreed valuation of the raw land at Bradley Field.
Section 1-21 (a) of the FOIA provides that meetings of all public agencies[2], except executive sessions, shall be open to the public. CT Page 9242
"Meeting" for purposes of the FOIA is defined in 1-18a (b): "`Meeting' means any hearing or other proceeding of a public agency. . . ." The FOIC decision found that the August 3, 1995 gathering was neither a hearing or proceeding and thus, not a meeting for purposes of § 1-18a (b). The court agrees with such determination.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v. Departmentof Health Services, 220 Conn. 86, 94 (1991).
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks CT Page 9243 omitted.) Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452 (1988).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service, Inc. v.Administrator, Unemployment Compensation Act, 209 Conn. 381, 385
(1988).
Plaintiff relies on the undersigned's decision in Dortenziov. FOIC, Superior Court judicial district of Hartford/New Britain at Hartford docket no. CV94-0535642 (McWeeny, J. December 2, 1996). In Dortenzio, the issue was whether a pre-disciplinary "Laudermill hearing[3] was a meeting under 1-18a (b) of the FOIA. The court found that the mandatory pre-disciplinary conference between the police chief and employee was by definition a hearing and thus a meeting under FOIA § 1-18a
(b).
The August 3, 1995 conference was, unlike the "Laudermill" hearing; not required by statutory or constitutional mandate.[4]
Functionally, the August 3, 1995 conference was not a hearing or other proceeding. The town was interrupted in their presentation of their contract appraiser by the OPM undersecretary's, who was seeking to find consensus on a process which would yield a valuation (Supplemental Record pp. a b). It was also the undersecretary's testimony that the purpose of the conference was not to make a decision, but rather to explore process for dispute resolution.
The August 3, 1995, conference was in no way mandated or directed by statute and did not involve the presentation of evidence or argument before a decision maker. (See, Frito-Lay,Inc. v. Planning and Zoning Commission, 206 Conn., 554, 567-68
(1988). It was not a hearing or proceeding, and thus not a meeting for purposes of 1-18a (b). CT Page 9244
The appeal is dismissed.
Robert F. McWeeny, J.