[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Technical Coatings Laboratory, Inc. (employer) appeals the decision of the employment security board of review awarding unemployment compensation benefits to the plaintiff's CT Page 12654 former employee, Richard Lake. The employer appeals pursuant to General Statutes § 31-249b. Presently before the court are motions for judgment by all parties. Although the parties requested permission to present oral arguments in support of their positions, the court has determined that such argument is not necessary in this case. Accordingly, those requests are denied, and the court decides the case on the basis of the comprehensive briefs filed by all parties. The court finds in favor of the board and defendant Lake.
Nearly nine years ago, in February 1989, Technical Coatings, the employer, discharged defendant Lake, claiming he was guilty of wilful misconduct in violating certain safety rules. This occurred after Lake had been working at Technical Coatings for about eight months.
Lake applied for unemployment compensation benefits. The administrator denied his application on April 5, 1989, and Lake appealed. Appeals Referee Pancallo affirmed the administrator's decision, determining that Lake had been guilty of repeated wilful misconduct. Lake appealed that decision to the board of review. On November 30, 1989, the board reversed the decisions of the administrator and the referee and awarded Lake benefits.
Now it was the employer's turn to appeal, which it did, to this court. On February 26, 1991, acting on the request of the employer, this court remanded the case back to the board and the board, in turn, remanded it to a referee for the purpose of accepting additional evidence.
On April 15, 1992, after a new hearing, Appeals Referee Chisholm turned back the clock and reversed the original decision of the administrator. Referee Chisholm determined that Lake was entitled to benefits, thus agreeing with the board's decision of November 30, 1989. Undaunted, the employer appealed to the board, which, unsurprisingly, affirmed the decision in favor of Lake. It is that last decision of the board that is the subject of this appeal by the employer.
It is not seriously disputed that Lake, during the course of his short employment at Technical Coatings, maintained a casual attitude, at best, toward certain of the safety rules adopted by his employer and approved by OSHA. In particular, during January 1989, Lake repeatedly failed to utilize special grounding procedures when handling flammable liquid solvents. Then, on CT Page 12655 February 2, 1989, he failed to wear required safety goggles while cleaning a tank.
In its decision, the board found that the repeated failures to utilize the required grounding procedures together constituted an act of wilful misconduct. However, the board concluded that the failure to wear the safety goggles on February 2, 1989, did not constitute wilful misconduct. The board based this conclusion on its finding that there were mitigating circumstances and that there was insufficient evidence that the employer consistently enforced the goggle rule. The board also concluded that the goggle violation was not sufficiently similar to the grounding procedure violations so as to be part of a pattern of repeated wilful misconduct. These conclusions were crucial. General Statutes § 31-236 (a)(2)(B), in effect at the time, required that the final incident triggering the discharge had to be itself an act of wilful misconduct or else had to be part of a pattern of past wilful misconduct. United Parcel Services, Inc.v. Administrator, 209 Conn. 381, 387 (1988). The board's findings with respect to the safety goggle incident were, therefore, virtually dispositive of the employer's defense against Lake's unemployment compensation claim.
The employer advances three arguments in support of its appeal of the board's decision: (1) that the board erroneously concluded that the safety goggle incident did not constitute a final act of wilful misconduct; (2) that the board erroneously found that the safety goggle incident, if not itself an act of wilful misconduct, nevertheless was part of a pattern of misconduct that commenced with the first failure to utilize proper grounding procedures; and (3) that the board should have remanded the case back to the referee with instructions to admit and consider additional evidence.
In hearing and deciding appeals of decisions of the board pursuant to § 31-249b, the scope of this court's review is limited in accordance with the decision of our Supreme Court inUnited Parcel Services, Inc. v. Administrator, 209 Conn. 381, 385
(1988). There, the court held "[t]o the extent that an administrative appeal, pursuant to General Statutes §31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action CT Page 12656 resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.)
"Whether the circumstances of an employee's termination constitute wilful misconduct on the employee's part is a mixed question of law and fact . . . in which the expertise of the administrative agency is highly relevant." United ParcelServices, Inc. v. Administrator, 209 Conn. 381, 386 (1988). (Citations and internal quotation marks omitted.)
Application of the foregoing principles to the present case requires that the employer's first two arguments be rejected. The arguments are heavily fact weighted, aimed at the board's analysis and judgment on factual issues: did special circumstances mitigate the seriousness of Lake's disregard of the goggle rule? did the employer consistently enforce that rule? was the violation of one safety rule (the goggle rule) similar, for purposes of § 31-236(a)(2)(B), to the violation of another safety rule (the grounding procedure rule)? These are issues best left exclusively for the administrative factfinder to resolve; they are off limits to the courts. And, as the tortured chronology of this case demonstrates, the administrative factfinding here was exceedingly conscientious and thorough.
With respect to the employer's request for a remand so it could present additional evidence — photographs of Lake minus the required safety goggles — the board found that the evidence was not newly-discovered; rather, the board pointed to evidence in the record, available to the employer, that revealed the existence of the photographs as early as 1991. There was, therefore, no good reason for the employer's failure to present them in evidence to Referee Chisholm. Moreover, the board concluded that the photographs would be, at best, cumulative and of little significance to the factfinder. The court agrees with these conclusions.
For all of the above reasons, the board's decision is affirmed. The motions of the defendants, the board and Lake, for judgment are granted; the motion of the plaintiff Technical Coatings Laboratory, Inc. is denied. CT Page 12657
MALONEY, J.