[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Robert S. Horenstein appeals the decision of the defendant employment security board of review affirming the denial of unemployment compensation benefits to the plaintiff. The defendant board has moved for judgment. The plaintiff objects. Both parties presented oral argument to the court. The court finds the issues in favor of the defendant board.
The plaintiff was employed by defendant Geissler's Super Market, Inc. from October 21, 1996 until April 25, 1997, when he was fired. The stated reason for his termination was wilful misconduct, specifically excessive tardiness. The administrator determined that the employer did not prove wilful misconduct. On appeal after a hearing de novo, the referee reversed the administrator and determined that the plaintiff's tardiness did constitute wilful misconduct, thereby making him ineligible for benefits.
After hearing the evidence, the referee found the following facts. The plaintiff was tardy in reporting for work on twenty-four occasions during the eight week period prior to his discharge. That is a sixty per cent tardiness rate. In most instances, the plaintiff was late for work by several hours, not minutes. The plaintiff usually failed to notify his employer in advance and offered little in the way of excuse for his tardiness. The employer did not condone or excuse the plaintiff's tardiness. Rather, the employer counseled and warned the plaintiff many times about it. On the last occasion, the plaintiff was forty-three minutes late for work. He stated that the reason was that he had mislaid his car keys.
Tardiness may constitute repeated wilful misconduct under Regs. Conn. State Agencies § 31-236-28 if (1) it is excessive, (2) the employer has not condoned it; and (3) the employee has not shown any reasonable excuse for it or has failed to notify the employer in advance.
In the present case, the referee concluded that the plaintiff's tardiness was excessive. Based on the factual findings that the employer had not condoned it and that the plaintiff had not provided any reasonable excuse for it and that the plaintiff had failed to notify the employer in advance, the CT Page 2017 referee determined that the plaintiff's excessive tardiness constituted repeated wilful misconduct. The referee determined, therefore, that the plaintiff was not eligible for benefits.
The defendant board adopted the referee's findings and conclusions and ruled that the plaintiff was ineligible. It is that decision which is the subject of this appeal.
In hearing and deciding appeals of decisions of the board pursuant to § 31-249b, the scope of this court's review is limited in accordance with the decision of our Supreme Court inUnited Parcel Services Inc. v. Administrator, 209 Conn. 381, 385
(1988). There, the court held "[t]o the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.)
"Whether the circumstances of an employee's termination constitute wilful misconduct on the employee's part is a mixed question of law and fact . . . in which the expertise of the administrative agency is highly relevant." United ParcelServices, Inc. v. Administrator, 209 Conn. 381, 386 (1988). (Citations and internal quotation marks omitted.)
"On the legal question of the construction of § 31-236
(a)(2)(B), . . . a final incident may be `repeated wilful misconduct' if the conduct at issue is part of a past pattern of wilful misconduct . . . In determining whether the final incident constitutes wilful misbehavior, the employee's past departure from company policies, rules and regulations is relevant." UnitedParcel Service v. Administrator, 209 Conn. 381, 387-388 (1988). This means that the final incident need not itself, if standing alone, constitute wilful misconduct if the incident is part of a past pattern of wilful misconduct. CT Page 2018
This court has reviewed the record of the case and considered the arguments advanced by the plaintiff and the board. In accordance with the rules of law summarized above, the court must accept the factual findings of the referee, adopted by the board, in particular the findings concerning the extent and frequency of the plaintiff's tardiness and the findings concerning the lack of adequate excuse or notification to the employer. The court has also considered the conclusion of the referee and the board that the plaintiff's tardiness sixty per cent of the time was excessive. The court finds such conclusion to be entirely reasonable.
The court is not unsympathetic to the plaintiff. It is clear from the record and from statements made during oral argument that the plaintiff has had to contend with many difficult circumstances. Nevertheless, on the basis of the whole record, the court cannot say that the decision of the board was unreasonable or arbitrary. For that reason, the law requires that the decision of the board in this case be affirmed.
The board's motion for judgment dismissing the appeal is granted.
MALONEY, J.