UNITED PARCEL SERVICE, INC. *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.
(13461)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and COVELLO, Js.

Argued November 2—decision released December 20, 1988

*Richard T. Sponzo,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Charles A. Overend,* assistant attorney general, for the appellant (named defendant).

*Barry J. Waters,* for the appellee (plaintiff).

PETERS, C. J. The central issue in this case is whether, for the purpose of deciding eligibility for unemployment compensation, the wilfulness of an employee's final act of misconduct depends upon the seriousness of the final incident viewed in isolation or upon the relationship of that final incident to an ongoing pattern of repeated infractions. The defendant administrator of the Unemployment Compensation Act (defendant) awarded compensation benefits to an employee whom the plaintiff, United Parcel Service, Inc., had terminated for misconduct. The award was reversed by the employment security appeals referee, reinstated by the employment security board of review, and again reversed, upon an administrative appeal, by the trial court. The defendant's appeal to the Appel-

late Court was transferred here pursuant to Practice Book § 4023. We find error and remand the case for further proceedings.

The underlying facts are undisputed. The defendant claimant, Joseph Lauzier (claimant), was a full-time employee of the plaintiff for eleven years until October 4, 1985, and had been assigned to the same route for the last three years of his employment. Prior to his dismissal, the claimant had committed approximately twenty-six policy infractions in 1985, including ten C.O.D. violations and six misdeliveries. He had received four written warning notices and two work suspensions in 1985 as a result of the infractions.

On October 3, 1985, the claimant accepted two checks, one unsigned, from a customer as payment for C.O.D. items. Accepting an unsigned check from a customer is an infraction of the plaintiff's company policy. Because of this infraction, the claimant was discharged on October 4, 1985.

The claimant applied for unemployment compensation benefits. Pursuant to General Statutes § 31-236, a claimant is not entitled to benefits if he was discharged for "repeated wilful misconduct."[1] After a hearing, the defendant administrator determined that the claimant's actions were "careless without a doubt, but they should not be construed as wilful misconduct" and, therefore, approved the claim for benefits. The claimant received unemployment benefits of $192 a week effective October 6, 1985.

The plaintiff appealed to the employment security appeals division challenging the defendant's conclusion

---

[1] General Statutes § 31-236 provides in relevant part: "DISQUALIFICATIONS. (a) An individual shall be ineligible for benefits . . . (2) . . . (B) if, in the opinion of the administrator, he has been discharged or suspended for . . . repeated wilful misconduct in the course of his employment . . . ."

that the claimant's actions were not wilful misconduct. The referee conducted a de novo hearing concerning the circumstances of the claimant's termination. The referee held that conscious indifference to the employer's interest can, in some circumstances, constitute wilful misconduct and stated: "The repeated instances of violations by the claimant of the same three or four company policies, which were continued in the face of warnings and suspensions . . . and which were attributable to a combination of negligence, inattention or plain carelessness, must be held to demonstrate a conscious indifference and disregard of the employer's interests . . . . " Consequently, the referee reversed the administrator's award of benefits to the claimant.

Without further evidentiary hearings, the claimant's award was reinstated by the employment security appeals division board of review. The board found that: "The claimant's behavior in the final incident which precipitated his dismissal cannot be viewed as rising to the level of wilful misconduct. The claimant, therefore, cannot have been discharged for repeated wilful misconduct in the course of employment."

The plaintiff then appealed the board's decision to the Superior Court. The trial court stated that the board had failed to decide whether "when considered with all of the prior repeated wilful misconduct activity of the claimant the last incident would have to be judged as wilful misconduct because it evinces 'disregard of standards of behavior which the employer has the right to expect of his employee . . . . ' *Langlois* v. *Administrator,* 24 Conn. Sup. 177, 179 [188 A.2d 507 (1963)]." The court itself undertook to make such a determination and, holding that the claimant had been discharged for repeated wilful misconduct, sustained the plaintiff's appeal.

The defendant's appeal to this court presents a relatively narrow issue. Both parties agree that under General Statutes § 31-236 (a) (2) (B), there can be no discharge for repeated wilful misconduct unless the final incident triggering an employee's discharge itself constitutes wilful misconduct. Their disagreement concerns the scope of the evidence relevant to that issue. The defendant contends that the final incident must, in isolation, constitute wilful misconduct. The plaintiff contends, to the contrary, that an employee's pattern of wilful misconduct may be taken into account and that a minor final incident can be wilful misconduct if it is part of that pattern.

Before addressing the merits of this disagreement, we must consider the applicable standard of review. To the extent that an administrative appeal, pursuant to General Statutes § 31-249b,[2] concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. *Fellin* v. *Administrator,* 196 Conn. 440, 444–45, 493 A.2d 174 (1985); *Finkenstein* v. *Administrator,* 192 Conn. 104, 112–13, 470 A.2d 1196 (1984); *Burnham* v. *Administrator,* 184 Conn. 317, 321, 439 A.2d 1008 (1981). If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discre-

[2] General Statutes § 31-249b provides in relevant part: "APPEAL. At any time before the board's decision has become final, any party, including the administrator, may appeal to the superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the appellant resides."

tion. *Fellin* v. *Administrator,* supra, 445; *Finkenstein* v. *Administrator,* supra, 113; *Burnham* v. *Administrator,* supra, 321–22; *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 5, 434 A.2d 293 (1980); *DaSilva* v. *Administrator,* 175 Conn. 562, 564, 402 A.2d 755 (1978); see 2 F. Cooper, State Administrative Law (1965) pp. 595–602.

Whether the circumstances of an employee's termination constitute wilful misconduct on the employee's part is a mixed question of law and fact.[3] As a general rule, "[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant." *Burnham* v. *Administrator,* supra, 323. We reject the plaintiff's contention that, because the review board rejected the referee's findings of fact and conclusions of law, no judicial deference to the board's decision is warranted in this case. The record demonstrates that, although the board disagreed with the conclusions drawn by the referee, it did not depart from the referee's findings of fact. The defendant does not contest the referee's principal factual finding, that the employee's past carelessness or negligence constituted a pattern of wilful misconduct. Further, as a matter of law, it is well established that disregard of the standards of behavior that an employer has the right to expect of his employees, by carelessness or negligence of suf-

[3] Pennsylvania courts have held that the question of whether an employee's conduct constitutes wilful misconduct is a question of law subject to review by the Commonwealth Court. *McLean* v. *Unemployment Compensation Board of Review,* 476 Pa. 617, 383 A.2d 533 (1978); *Mendez* v. *Unemployment Compensation Board of Review,* 101 Pa. Commw. 366, 516 A.2d 806 (1986), appeal denied, 527 A.2d 548 (1987). We agree that such a determination is subject to review, but do not agree that it is a purely legal question.

ficient degree or frequency to show disregard for the employer's interests or equal culpability, constitutes wilful misconduct. *Lundy's Market, Inc.* v. *Department of Commerce, Division of Employment Security,* 373 So. 2d 433, 434 (Fla. App. 1979) (repeated violation of employer's rules against leaving cash on counter and cash drawer open is misconduct); *Flesher* v. *Department of Job Service,* 372 N.W.2d 230, 234 (Iowa 1985) (claimant's repeated failure to follow employer's security procedures shows wilful and wanton disregard of employer's interest and constitutes misconduct); *Overt* v. *Levine,* 50 App. Div. 2d 659, 375 N.Y.S.2d 65 (1975) (leaving security post after previous warnings is misconduct); *Elias* v. *Unemployment Compensation Board of Review,* 15 Pa. Commw. 263, 266, 325 A.2d 351 (1974) (repeated failure to follow employer's rules relating to handling money after warning shows wilful disregard of employer's welfare, therefore disqualified from benefits); see also *Hannon* v. *Administrator,* 29 Conn. Sup. 14, 269 A.2d 80 (1970); *Langlois* v. *Administrator,* supra, 179.

What remains for us to decide is how to factor the employee's pattern of past misconduct into the statutory requirement that the final incident triggering his termination constitute "repeated wilful misconduct in the course of his employment," as § 31-236 (a) (2) (B) requires. To the extent that this question involves a matter of statutory construction, it is a question of law on which the agency's view is entitled to deference but is not dispositive. *DaSilva* v. *Administrator,* supra. To the extent that it involves an application of the statute to the actual circumstances of this case, it requires an appropriate finding of fact at the administrative level.

On the legal question of the construction of § 31-236 (a) (2) (B), we agree with the trial court, and the plaintiff, that a final incident may be "repeated wil-

ful misconduct" if the conduct at issue is part of a past pattern of wilful misconduct. A court is not obligated to view even a single incident with blinders on. In determining whether the final incident constitutes wilful misbehavior, the employee's past departure from company policies, rules and regulations is relevant. The legislature's reference to wilful misconduct that is "repeated" compels such a conclusion. The defendant has cited no applicable authorities to the contrary.[4]

We are unpersuaded by the defendant's arguments that considerations of public policy required a different construction of the statute. We agree that the remedial purpose of the Unemployment Compensation Act is to provide relief for its primary beneficiaries, those who are unemployed without fault or for cause; *Robinson* v. *Unemployment Security Board of Review,* supra, 24; but this beneficent remedial purpose does not support the grant of benefits to an employee guilty of wilful misconduct. Further, while we agree that unemployment benefits should not be arbitrarily withheld from an employee "no matter how slight the employee mistake or even for no mistake at all," as the defendant contends, our construction would not impose so draconian a result because, as we interpret the stat-

---

[4] The defendant relies for this argument upon *Cunningham* v. *Administrator,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 298330 (August 27, 1985), and *Beyor* v. *Administrator,* Superior Court, judicial district of Middlesex, Docket No. 34613 (September 16, 1982). These cases stand for the proposition that the final act must constitute wilful misconduct, but do not require that the final act be, *in itself,* wilful misconduct. The defendant also relies upon the Employment Security Board of Review Manual published in 1987 and § 31-236-26 of the Regulations of Connecticut State Agencies as evidence of the agency's past interpretation of the requirements of General Statutes § 31-236. The agency regulation and the cases cited in the manual require a final act which is wilful misconduct but, again, do not require that the act be wilful misconduct in itself. The only such requirement is in the text of the manual which was published in March, 1987, after the initiation of this suit at the trial court.

ute, it requires both some final incident of misconduct and a past pattern of wilful misconduct.

Our concurrence in the trial court's ruling of law does not, however, extend to its finding of fact. To constitute wilful misconduct, the final incident must be part of a pattern of wilful misconduct. Neither the referee nor the board made this finding.[5] The trial court, having so noted, erroneously concluded that, "[r]egardless of whether or not the last incident was wilful, the discharge was for repeated wilful misconduct." Because neither the referee nor the board had made the requisite finding, the court lacked a factual basis from which to reach such a conclusion.[6] The case must be remanded for further administrative proceedings to resolve this question of fact.

There is error, the judgment is set aside and the matter is remanded with direction to remand the case to the board of review for further proceedings.

In this opinion the other justices concurred.

---

[5] The referee found that "repeated instances of violations by the claimant of the same three or four company policies, which were continued in the face of warnings," shows a conscious indifference to the duty owed to his employer which can be equal to wilful misconduct. The record shows that the claimant commited ten C.O.D. violations, but does not indicate that those violations involved unsigned checks or were sufficiently similar to the final incident that it should be deemed part of a pattern of wilful misconduct.

The board found that the final incident was trivial, but did not address whether it was part of the pattern.

[6] In light of our disposition of this case we need not reach the defendant's additional claims that the trial court erred in ordering the submission of the transcript of the referee's hearing, in referring to the transcript to determine if there was an evidentiary basis for the board's findings and in holding that the board failed to find facts to support its decision.