[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a statutory appeal brought by an employer, Vinyl Technicians, from the grant of unemployment compensation benefits to Todd W. Beers.
Without the necessity of reciting the may steps that this case has taken in the administrative proceedings below, it is sufficient to say that all of the administrative proceedings have been exhausted, and the plaintiff here appeals under Connecticut General Statutes 31-249b.
The substance of the plaintiff's appeal is to challenge the Board's finding that Mr. Beers was discharged for conduct that did not amount to repeated willful misconduct, as that term is defined by 31-236 of the General Statutes.
The parties complied to the briefing requirements, and the matter was set down for hearing for argument at CT Page 8875 Norwich.
Both parties were present during the argument. The state was represented by the Assistant Attorney General. Vinyl Technicians owner and representative appeared for the plaintiff.
The Administrator's position was simply that the Superior Court may not retry the facts or hear evidence but rather is to review only the record certified and filed by the Board of Review. United Parcel Service, Inc v. Administrator, 209 Conn. 381 (1988).
To put it in simple terms, the Administrator is claiming that the law does not permit the Judge in the Superior Court to review the evidence and decide whether the Board of Review interpreted it correctly.
Obviously, in this case the plaintiffs, Vinyl Technicians had the opinion that the Board of Review came to an improper conclusion from the evidence which was presented about why Mr. Beers was not working. They appeared to this court to be honest individuals unhappy with a law which gives the benefit of the doubt to an employee.
The court, having reviewed the law, is persuaded by the argument of the Administrator that in this case it is not an appropriate function for the court to adjudicate questions of fact. It is clear that the Board had facts before it from which it could have reached the conclusions it did.
Under that circumstance, whether this court agrees with the finding reached or not, it is necessary to dismiss the appeal and it is dismissed.
LEUBA, J. CT Page 8876