I.
This is an appeal from the decision of the Employment Security Board of Review, brought pursuant to General Statutes § 31-249b. Patrick K. Moors, the appellant, claims that he was improperly denied unemployment compensation benefits.
 II.
Moors seeks payment for partial benefits for the period CT Page 1588-AA from July 7, 1991 through October 12, 1991. (Return of Record ("ROR"), Item 1.) During that time, he was employed by the State of Connecticut Department of Revenue Services, Special Revenue Division, as a part-time cashier at the Torrington OTB office, (ROR, Item 5.) and was furloughed from July 3, 1991 until October 12, 1991. (ROR, Item 1.) Moors filed for and was paid partial benefits for the week ending July 6, 1991, after he completed the benefits application forms that were provided to state employees at their places of work when the furlough was announced. (ROR, Items 1, 5.) He, however, did not file any additional claims for the remaining weeks of the furlough until he was laid off on October 18, 1991. Then, he also filed for full benefits. (ROR, Items 1, 5.) Moors was laid off for the period of October 18, 1991 until November 29, 1991. (ROR, Items 1, 5.)
On December 11, 1989, after an initial determination in accordance with General Statutes § 31-241, the administrator denied Moors' request to backdate his claim for benefits for the period in question, and found that the he "failed to file [his] claim within the time period allowed" by the Connecticut CT Page 1588-BB Unemployment Compensation Act. (ROR, Item 2.) In Moors' written statement submitted to the administrator for this initial determination, he represented that he did not file for additional benefits during the period in question because he assumed that his employer had automatically signed him up for the benefits. (ROR, Item 1.) He also indicated that he did not at any time during the period in question report to an unemployment office or seek any information about the filing of claims until October 18, 1991, when he was laid off and filed a claim for benefits for the period of his lay-off. (ROR, Item 1.) Moors also reported that he elected to file a late claim for the period in question on October 18, 1991 after he read the "Claimant's Guide to Unemployment Benefits," which he obtained when he went to the unemployment office after he was laid off on October 18, 1991. (ROR, Item 1.)
On December 16, 1991, Moors appealed the administrator's initial denial of benefits to an employment security appeals referee pursuant to General Statutes § 31-242, and claimed that the administrator's examiner failed to consider all the relevant factors in his decision. (ROR, Item 3.) A hearing was held CT Page 1588-CC before a referee on January 14, 1992, at which time Moors read a statement to the effect that he was intimidated by his supervisor from filing any additional claims. (Transcript, January 14, 1992.) The referee found specifically that "the claimant did not inquire of the State Labor Department as to the course to follow if he wished to continue filing for partial benefits as he did not want to make more work for his supervisor." (ROR, Item 5, ¶ 7.) The referee denied the appeal, and held
 the claimant did not exercise due diligence in at least inquiring as to the status of his claim or whether he should continue to file for partial benefits or the procedure to follow if he wished to continue to file for partial benefits. On the contrary, the claimant did nothing for over three months and did not inquire or make any move towards filing for partial benefits. The claimant appears to have only decided to file or see if he could file for partial benefits after he was laid off on October 18, 1991.
CT Page 1588-DD
 The claimant did not read the Claimant's Guide to filing for unemployment compensation for approximately three months and read it only after being laid off on October 18, 1991.
(ROR, Item 5.) In a letter sent by the referee to Moors dated January 23, 1992 — submitted to this court at trial — the referee explained the basis of his decision, and wrote that he did not include in his findings of fact from Moors' testimony that he was intimidated because the referee did not find that testimony credible. (Plaintiff's Exhibit 1.)
Moors appealed pursuant to General Statutes § 31-249 to the Employment Security Appeals Division, Board of Review ("board"). (ROR, Item 6.) He argued that the referee's decision was incorrect because the referee's fourth and seventh findings were made in error.[1] (ROR, Item 7.) Further, Moors argued that the referee incorrectly decided that Moors did not file his claim because he did not want to make more work for his supervisor, rather than because he was intimidated. (ROR, Item 8.) Moors CT Page 1588-EE in a nutshell contended before the board that he was intimidated, and the referee's failure to find this fact was an error. Moors also referred to the letter by the referee dated January 23, 1992 and suggested that the referee's finding with respect to his credibility was an error and an indication that the referee was biased. (ROR, Item 8.) Moors, however, failed to offer any evidence to substantiate the claim of bias.
The board reviewed the record and arguments; affirmed the referee's decision; and adopted the referee's findings of fact. (ROR, Item 9.) It noted with regard to the claim of intimidation that "[a]t his [initial] fact-finding hearing, the claimant made no mention of intimidation, but rather indicated that he did not file claims after July 6, 1991, because he believed that they were `automatically filed' by the employer." (ROR, Item 9, p. 3.)
Moors appealed to this court pursuant to General Statutes § 31-249b, and complains that the failures by both the referee and the board to find that he was intimidated was error. The Administrator of the Unemployment Compensation Act returned the CT Page 1588-FF record to the court and a trial was held on January 31, 1995.
 III.
The standard of review for this court upon appeal pursuant to General Statutes § 31-249b is well defined.
 In [unemployment compensation appeals] the Superior Court does not try the matter de novo. It is bound by the findings of subordinate facts and the reasonable conclusions of fact made by the appeals referee, where, as is true here, the board of review adopted the findings and affirmed the decision of the referee. . . . The court's function is to determine, on the record, whether the referee acted unreasonably, arbitrarily or illegally. Conclusions of law reached by the referee must stand if they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts.
(Citations omitted; footnote omitted.) Robinson v. UnemploymentCT Page 1588-GGSecurity Board of Review, 181 Conn. 1, 4-5, 434 A.2d 293 (1980).
 To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion. . . .
(Citations omitted.) United Parcel Service Inc. v.Administrator, 209 Conn. 381, 385-86, 551 A.2d 724 (1988).
The eligibility requirements for unemployment compensation CT Page 1588-HH are contained in the Regulations of Connecticut State Agencies, promulgated by the labor commission. General Statutes § 31-236e(b) ("[T]the labor commissioner shall adopt regulations . . . which establish all necessary criteria for the determination of a claimant's eligibility for unemployment compensation benefits."). In addition, General Statutes § 31-235(a) dictates
 [a]n unemployed individual shall be eligible to receive benefits with respect to any week only if it has been found that (1) he has made claim for benefits
in accordance with the provisions of section 31-240
and has registered for work at the public employment bureau or other agency designated by the administrator within such time limits, with such frequency and in such manner as the administrator may prescribe, provided failure to comply with this condition may be excused by the administrator upon a showing of good cause therefor.
(Emphasis added.) General Statutes § 31-240 dictates that "[c]laims for benefits shall be made, in accordance with suchCT Page 1588-IIregulations as the administrator may prescribe . . . ." (Emphasis added.)
Section 31-222-13(b)(c)(3) of the Regulations of Connecticut State Agencies provides:
 (3) Failure to file claim within time limit. A person who has for good cause failed to file a claim for benefits, either initial or continuing, within the time limits set forth in his rights to benefits, may file a claim within one week after he is appropriately notified of his rights for benefits, but in no event later than thirteen weeks after the end of his benefit year. Failure to file claims for benefits within the time limits prescribed shall be deemed to be for good cause if due to . . . (C) coercion or intimidation which prevented the prompt filing of a claim.
(Emphasis added.)
Thus, a claimant has good cause to file a late claim where CT Page 1588-JJ it is found that the late filing was caused by the employer's coercion or intimidation. Moors does not argue that he filed a timely claim, but rather that he has good cause to file a late claim under section 31-222-13(b)(C)(3) of the Regulations of Connecticut Agencies. The issue, therefore, before the referee and the board was whether Moors had proven coercion or intimidation and thus good cause to allow him to file a late claim for benefits pursuant to section 31-222-13(b)(C)(3).
As the case law makes clear, this court may not retry Moors' claim of intimidation, but, rather, is bound by the findings of fact made below if reasonably supported by the record. United Parcel Service, Inc. v. Administrator, supra,209 Conn. 385-86. To this court, Moors argues that both the referee's and the board's failure to find that he was intimidated was erroneous.
The record reflects that Moors testified before the referee that he was intimidated by his supervisor from filing additional claims, but the referee did not make such a finding. The record further substantiates both the referee's and the board's CT Page 1588-KK finding on the issue of intimidation. As the board noted, the record indicates that Moors made no mention of intimidation at the initial fact-finding determination before the administrator, but rather asserted there that he failed to file the claims in question because he believed that his employer would file the claims for him. The record also reflects that he failed to read the claimants' guide for filing claims until he was laid off and the period for filing the claims in question had already expired.
Because the referee and the board found after hearing that Moors' failure to file a timely claim was not based on intimidation, as Moors claimed, the board's decision that he failed to demonstrate good cause to file a late claim for benefits under section 31-222-13(b)(C)(3) of the Regulations of Connecticut State Agencies was, we think, reasonably supported by the record. Accordingly, we hold that the board's conclusion was not unreasonable, arbitrary or an abuse of discretion and this appeal ought be dismissed.
An order of dismissal may enter in accordance with this CT Page 1588-LL opinion.
/s/ William Patrick Murray, J. ------------------------------ WILLIAM PATRICK MURRAY A Judge of the Superior Court