[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 14, 1997
Plaintiff David Hansen appeals the decision of the defendant board of firearms permit examiners revoking his permit to carry a pistol or revolver. The board acted pursuant to General Statutes § 29-32b. The plaintiff appeals pursuant to § 4-183. The CT Page 4789 court sustains the appeal.
The essential facts are not in dispute. The plaintiff is a college student. He has had a gun permit since 1993. In 1995, the North Branford police arrested the plaintiff, following allegations of harassing telephone calls made from his room on the college campus. The plaintiff was accused of playing tape recordings of rock music, the "Jerky Boys," over the telephone to unwilling listeners. Although the plaintiff denied making the calls at the hearing before the board (he claimed that other students entered his room and made the calls as a prank), he did admit that he had pled guilty to a violation of General Statutes § 53a-181a, Creating a Public Disturbance, in connection with those allegations in criminal court. Creating a Public Disturbance is an infraction, not a misdemeanor or other crime.
Following a hearing, the board rendered its final decision concluding that there was "just and proper cause" for revoking the plaintiff's permit "because, based upon the facts produced at the hearing, the (plaintiff) is not a suitable person." The findings of fact, upon which the board based its conclusions, are set forth in the board's decision as follows:
 The (plaintiff) pled guilty to Creating a Public Disturbance as a result of multiple harassing telephone calls made from his telephone in his college dormitory.
The plaintiff argues on appeal, in essence, that the facts in the record and as set forth in the board's decision do not support the board's conclusions or its ultimate decision. The court agrees.
The court is well aware of the established principles of administrative law that limit the scope of its review of decisions of administrative agencies. "Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166
through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) CT Page 4790Board of Education v. Freedom of Information Commission,208 Conn. 442, 452 (1988).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board. it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service, Inc. v.Administrator Unemployment Compensation Act, 209 Conn. 381, 385
(1988).
Our courts have repeatedly held that, in order to determine that a person is "unsuitable" to continue to hold a gun permit, the law requires that there be facts sufficient to show generally that he or she lacks "the essential character or temperament necessary to be entrusted with a weapon." Dwyer v. Farrell,193 Conn. 7, 12 (1984): Rabbitt v. Leonard, 36 Conn. Sup. 108 (1979). More specifically, the facts found by the board should show or at least allow a logical inference that the person poses some danger to the public if allowed to carry a weapon outside the home or business. Storace v. Mariano, 35 Conn. Sup. 28, 33 (1978).
In the present case, there are no facts set forth in the board's decision or in the record of the administrative proceeding that would lead a reasonable person to infer that the plaintiff poses some danger to the public if allowed to carry a gun. In particular, there is nothing in the record indicating the misuse of a gun or any tendency toward reckless or violent behavior of any kind, armed or unarmed. At worst, there is evidence that the plaintiff exhibited some immaturity either by engaging in prankish behavior himself or allowing others to do so.
Finally, the plaintiff has never been convicted of any crime specifically designated by the legislature as requiring revocation regardless of the circumstances. See the list of crimes in §§ 29-32 and 29-28, which does not include Creating a Public Disturbance. "Unless there is evidence to the contrary, statutory itemization indicates that the legislature intended the list to be exclusive." Bridgeport Hospital v. Commission on HumanRights and Opportunities, 232 Conn. 91, 101 (1995). Conviction of CT Page 4791 the infraction of Creating a Public Disturbance, therefore, does not per se require revocation of the plaintiff's gun permit.
The court finds it noteworthy that the board, in its decision, does not articulate how the few facts that it did find led it to the conclusion that the plaintiff is "unsuitable" within the meaning of the gun licensing statutes. Certainly, the inference is not an obvious one. As this court has repeatedly held, however, "It is incumbent on the (board) in such cases . . . to be reasonably precise in stating the basis of its conclusion that an individual is `unsuitable.' Otherwise, the decision on its face will be susceptible to the interpretation that it is unduly subjective, an essentially arbitrary act."Nicholson v. Board, Superior Court, judicial district of Hartford/New Britain, Docket No. CV94 054 10 48, 15 CONN. L. RPTR. 193 (Sept. 28, 1995); Bolin v. Board, Superior Court, judicial district of Hartford/New Britain, Docket No. CV94 070 51 54 (March 25, 1995); Wend v. Board, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV92 051 86 55, 9 CONN. L. RPTR. 174 (May 28, 1993).
For all of the foregoing reasons, the court concludes that the board's decision may not be affirmed. The board's determination that there was just cause for the revocation of the plaintiff's permit is not reasonably supported by the facts noted in its decision nor by any other facts that may be found in the record.
The plaintiff's appeal is sustained. The case is remanded to the board. In accordance with §§ 4-183 (k) and 29-32b(b), the board is ordered to reinstate the plaintiff's permit.
MALONEY, J.