[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a timely appeal taken by the claimant Rosemarie Cristillo from the decision of the Board of Review. The claimant was denied benefits by both the Administrator and the Appeals Referee which decisions were upheld by the Board of Review.
It has been the claimant's position that her employer requested that she travel out of state incident to her employment and that because she resided with and cared for both a sick mother and sister-in law, she would not be able to leave them alone and therefore was required to resign her employment. It is her position that she would have been fired if she refused to travel and therefore she thought she should quit and find another job. The Appeals Referee made findings that the claimant did not establish sufficient reason for her not to travel six times a year, that she could have made arrangements for professional care providers to assist her family members when she was away, and that neither of her relatives were bedridden nor did they require continuing care. The Referee further found that the claimant signed a job description in December of 1995 which "stated that travel was required in performance of the job duties". In its decision The Board of Review found that findings of the Referee were supported by the record. The Board further found that the claimant did not qualify for the exception to the rule that would permit her to leave her employment to care for a seriously ill parent since there was no finding that the family members were suffering from an illness or medical condition requiring continuing daily care.
As the court stated at oral argument, its scope of review is very narrow. This court does not consider this matter de novo but sits as an appellate court reviewing the decision of the Board of Review. United Parcel, Inc. v Administrator 209 Conn. 381, 385. The court can not substitute its findings of fact for those found by the Board of Review unless those fact are clearly erroneous and not established through the record. Id. 385. It does not matter whether this court agrees with the findings of the Board of Review. The issue before this court is whether the conclusions reached by the Referee and the Board were legally consistent with their findings. This court finds that their conclusions were legally consistent with the facts as found by the referee and CT Page 1567 adopted by the Board of Review. The court will therefore affirm the decision of the Board of Review and dismiss this appeal.
PELLEGRINO, J.