[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action is an administrative appeal from a decision of the defendant State of Connecticut Department of Social Services (DSS), brought pursuant to General Statutes § 4-183, et seq., under the Uniform Administrative Procedure Act (UAPA). The plaintiff, Joyce Senior, appeals from the DSS fair hearing officer's decision that the defendant DSS had properly liened, pursuant to General Statutes §§ 17b-93 and 17b-94[1] the net proceeds of a personal injury lawsuit brought by the plaintiff against a third party. This appeal was timely filed as were the briefs of the parties and oral argument was heard on November 19, 1998.
Here, the plaintiff claims that the decision of the fair hearing officer is unsupported by substantial evidence in the record and that DSS is barred by the doctrines of laches and estoppel from asserting its claim against the plaintiff.
It is axiomatic that the scope of this court's review of an agency's decision is very restricted. Pet v. Dept. of HealthServices, 228 Conn. 651, 660 (1994). General Statutes § 4-183(j) CT Page 13988 provides that"[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . ."
Furthermore, [j]udicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion . . ." (Citations omitted; internal quotation marks omitted.) Connecticut Light Power Co. v. Dept. of PublicUtility Control, 219 Conn. 51, 57-58 (1991). Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." (Internal quotation marks omitted.) Id., 57. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken . . ." (Citations omitted.) Hospital of St. Raphael v. Commission onHospitals Health Care, 182 Conn. 314, 318 (1980).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion . . ." (Citations omitted.) UnitedParcel Service Inc. v. Administrator, Unemployment CompensationAct, 209 Conn. 381, 385-86 (1988). Further "[a]lthough the construction and interpretation of a statute is a question of law for the courts to decide . . . it is the well established practice of [the courts] to accord great deference to the construction given [a statute by the agency charged with its enforcement." (Citations omitted; internal quotation marks omitted.) Starr v. Commissioner of Environmental Protection,226 Conn. 358, 372 (1993).
In the present case the hearing officer made the following CT Page 13989 findings of fact:
 1. The Appellant (Joyce Senior) and her three minor children, James, Michael and Pamela, were recipients of AFDC (Aid to Families with Dependant Children) from the State of Connecticut from October 20, 1969 until July 18, 1974 (Exhibit 1 and Record).
 2. From October 20, 1969 until July 18, 1974, the State of Connecticut provided AFDC benefits in the amount of $10,681.38 to the Appellant and her three minor children (Exhibit 1 and Record).
 3. The hearing record is devoid of evidence which would indicate that the Appellant ever repaid any of the AFDC benefits rendered to her by the State of Connecticut (Record).
 4. The Appellant's contention that payments were made by her husband (James Senior) to the New Haven Family Relations Office and not credited against the AFDC benefits rendered to her by the State of Connecticut is not supported by the evidence on the hearing record (Record).
 5. As of April 27, 1997, the Appellant owed to the State of Connecticut unreimbursed AFDC benefits in the amount of $10,681.38 (Finding 2 minus Finding 3, 4, Exhibit 1 and Record).
 6. The Appellant is a party to a cause of action against the City of New Haven et al. As of the date of the hearing, this lawsuit had not been settled (Exhibit 1 and Record).
 7. The State of Connecticut has a legal claim (under the C.G.S. Sections 17b-93 and 17b-94) against the proceeds of the Appellant's cause of action against the City of New Haven et al (Exhibit 1 and Record).
 8. On January 25, 1995, the Bureau of Collection Services notified the Appellant of the Department's lien against her cause of action against the City of New Haven et al (Exhibit I and Record).
9. On December 27, 1996, the Bureau of Collection Services notified the Appellant that she owed the Department CT Page 13990 $10,681.38 from October 20, 1969 through July 18, 1974 (Exhibit 1 and Record).
 10. The Department, in conjunction with the Bureau of Collection Services, acted correctly when it proposed to place a lien against the Appellant's cause of action against the City of New Haven et al (Record).
(Return of Record (ROR), p. 2.)
The foregoing findings emanated from a hearing conducted on May 29, 1997 before Robert D. Lilling, DSS hearing officer. The hearing had been requested by the plaintiff to contest the placement of a lien against a cause of action to which she is a party. During the hearing, the plaintiff was represented by counsel. The hearing officer's decision, dated June 5, 1997, was issued after consideration of all the evidence and the testimony which included testimony from Peter Pappas, an investigator with the Bureau of Collection Services, and the plaintiff.
In this administrative appeal, the plaintiff first argues that the decision of the hearing officer is unsupported by substantial evidence in the record. The plaintiff bases this argument on her testimony at the hearing that she never received AFDC benefits and that she collected child support payments from the New Haven Family Relations office where her, ex-husband had made child support payments. (ROR Tr. 17-18.) However, the hearing officer also had testimony and exhibits introduced at the hearing which indicated that the plaintiff had received AFDC benefits in the amount of $10,681.38 during the period October 20, 1969 through July 18, 1974. (ROR Tr. 5-10.) Moreover, much of the information contained in the DSS records and testimony was corroborated by the plaintiff's testimony. The plaintiff testified that her former husband, James Senior, provided direct support for their three children only until 1969. (ROR, Tr. 20, 30.) Thereafter, according to the plaintiff, she received "state welfare checks." (ROR, Tr. 22.) The plaintiff acknowledged and the records confirmed that during this time period James Senior had a support obligation to another woman for which he was making payments. (ROR, Tr. 24-25, 29.) Finally, the hearing officer questioned, (ROR, Tr. 22) and the state argues that the "pass through" procedure described by the plaintiff did not exist between 1969 and 1974 and in fact was enacted through an amendment to the Social Security Act, Title42, United States Code, Section 657, which was effective January 4, 197S. CT Page 13991
In any event, there is substantial evidence in the record which supports the hearing officer's conclusion that the plaintiff received AFDC benefits from October 20, 1969 until July 18, 1974 from the State of Connecticut in the amount of $10,681.38.
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183(j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action . . ." (Citations omitted; footnote omitted; internal quotation marks omitted.) Dolgner v. Alander, 237 Conn. 272, 281 (1996). Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence . . ." (Citations omitted; internal quotation marks omitted.) Id.
Thus, the hearing officer's determination that the plaintiff had received AFDC benefits during the period in question, is fully supported by substantial evidence in the record. The plaintiff's second contention, which evidently was not raised before the hearing officer, is that DSS is estopped and precluded by the doctrine of laches from pursuing this claim. This argument is founded upon DSS's purported failure to pursue reimbursement from James Senior. However, General Statutes § 17b-93 clearly provides joint and several liability for the "full amount" of the assistance paid for both Joyce Senior and James Senior.
It is true that the AFDC assistance to the plaintiff was last provided in 1974 and it was not until 1995 that DSS began its reimbursement efforts against the plaintiff. But, it was not until 1995 that DSS learned of the plaintiff's pending lawsuit and subsequently provided notice of that statutory lien on that cause of action. Moreover, General Statutes § 17b-96 mandates that the Attorney General collect reimbursement claims, specifically providing: ". . . The statute of limitations shall CT Page 13992 not apply to any action for such collection."
The law is clear that laches may not be asserted against the State of Connecticut to prevent it from acting in its sovereign capacity to assert a public right. Guaranty Trust Co. v. UnitedStates, 304 U.S. 126, 132-33 (1938); Appeal of Phillips,113 Conn. 40, 45 (1931). Here, the doctrine of laches would not apply in any event, since the plaintiff's pending lawsuit was not discovered until 1995, at which time DSS filed its notice of lien. In order to prevail on her claim of estoppel, the plaintiff must have proven at the hearing, that the State of Connecticut did or said something which she believed, which induced her to act on that belief, and that as a result thereof, she was injured. Kimberly-Clark Corp. v. Dubno, 204 Conn. 137, 148
(1987). The plaintiff failed to meet this burden. As noted above, the plaintiff failed to make this claim before the hearing officer, and the record is devoid of evidence which would support this claim.
However, even if the plaintiff had proven a claim of estoppel, estoppel would not lie against DSS in these circumstances. The Connecticut Supreme Court has consistently held that estoppel may not, as a general rule, be invoked against the state. Kimberly-Clark Corp. v. Dubno, supra, 204 Conn. 146. In Kimberly-Clark, the court stated that "estoppel against a public agency is limited and may be invoked: (1) only with great caution; (2) only when the action in question has been induced by an agent having authority in such matters; and (3) only when special circumstances make it highly inequitable or oppressive not to estop the agency." Id., 148, see Zoning Commission v.Lescvnski, 188 Conn. 724, 731-32 (1988). Based upon the dearth of evidence in the record before the hearing officer, the plaintiff has failed to sustain her burden.
Based on the foregoing, the decision of the hearing officer was fair and equitable under the circumstances, and fully supported by substantial evidence in the record.
Accordingly, this appeal is dismissed.
Michael Hartmere, J.