The plaintiff[1] is a noncitizen residing illegally in the United States. She suffers from end stage renal failure due to systemic lupus erythematosus. Her medical condition requires that she receive ongoing life-sustaining kidney dialysis. The plaintiff's medical condition and need for ongoing kidney dialysis is permanent. The plaintiff's dialysis treatment was provided by Norwalk Hospital on an outpatient basis from June, 1996 until December, 1996. The defendant denied the plaintiff's application for medicaid assistance to pay for the outpatient dialysis treatment.
An undocumented alien[2] is, under federal law; 42 U.S.C. § 1396b
(v) (2) (A); entitled to medical care assistance paid by medicaid only if "such care and services are necessary for the treatment of an emergency medical condition of the alien. . . ." Id. The defendant, state of Connecticut department of social services (department) determined that dialysis treatment was not for an "emergency medical condition" and denied medicaid payment. The plaintiff is authorized to and brings this administrative appeal pursuant to General Statutes § 17b-61 and the Uniform Administrative Procedure Act (UAPA) General Statutes § 4-166
et seq., and General Statutes § 4-183. *Page 582 
The court agrees with the department that permanent dialysis treatment is not emergency medical treatment for medicaid assistance purposes.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. "General Statutes § 4-183 (j) . . . man dates that a court `shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. . . .New England Cable Television Assn. , Inc. v. Dept. of Public UtilityControl, 247 Conn. 95, 117, 717 A.2d 1256 (1998). In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency. . . ." (Citations omitted.) Jutkowitz v. Dept. of HealthServices, 220 Conn. 86, 94, 596 A.2d 374 (1991).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, §§4-166 through 4-189), and the scope of that review is very restricted. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency]. . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion. . . ." (Citations omitted; internal quotation marks omitted.) Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452, 545 A.2d 1064 (1998).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining *Page 583 
whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." UnitedParcel Service, Inc. v. Administrator, 209 Conn. 381, 385-86, 551 A.2d 724
(1988).
"Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference. . . . [I]t is for the courts, and not administrative agencies, to expound and apply governing principles of law." (Citations omitted; internal quotation marks omitted.) Connecticut Light PowerCo. v. Texas-Ohio Power, Inc., 243 Conn. 635, 642-43, 708 A.2d 202
(1998).
Medicaid is a joint federal and state program that administers health care to financially and medically needy individuals. Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq.; 42 C.F.R. § 440 et seq.; General Statutes § 17b-260 et seq.
In applying the medicaid law we are guided by federal law. "`Thus, the legislature recognized the primacy of the applicable federal provisions and this court must be guided by those provisions. Stated in another way, the federal statutes and regulations set a limit upon the authority of the commissioner [of the department of social services] as well as furnishing a guide to his administration of the program.' Morgan v.White, *Page 584 168 Conn. 336, 343-44, 362 A.2d 505 (1975)." Clark v. Commissioner,209 Conn. 390, 396-97, 551 A.2d 729 (1988).
Federal authority is thus controlling in construing the medicaid law. The outcome of this case is dictated by the recent decision in GreeneryRehabilitation Group, Inc. v. Hammon, 150 F.3d 226 (2d Cir. 1998).Greenery was a test case of the identical medicaid provision providing coverage only for an "emergency medical condition" of undocumented aliens. In Greenery, the plaintiff was a nursing home rehabilitation facility providing care for persons suffering brain injuries. The three patients at issue had all experienced traumatic, serious brain injuries. They suffered a range of disability. The court in Greenery noted as to one patient: "Bed-ridden and quadriplegic, she continues to require a feeding tube, continual monitoring and extensive nursing care." Id., 228. One of the other patients was "unable to walk, requires monitoring and medication for seizures and behavioral problems related to his injury and needs assistance with daily tasks such as bathing, dressing, eating and toileting." Id., 229. The condition of the third patient: "Although he is legally blind as a result of his injuries, he is ambulatory and can function if instructed to accomplish a given task. For example, he can feed himself if instructed to eat and is able to dress or use the toilet if directed to do so. He also suffers from behavioral and psychiatric problems that require medication and monitoring." Id. All three patients were medicaid eligible but for their alien status. The New York federal district court found that the first two patients were entitled to medicaid as their continuing treatment was emergency medical care.Greenery Rehabilitation Group, Inc. v. Hammon, 893 F. Sup. 1197, 1207
(1995).
The Second Circuit Court of Appeals in Greenery reversed the district court and found none of the patients entitled to medicaid as their care was not for *Page 585 
an "emergency medical condition." The decision, though based on the plain meaning of 42 U.S.C. § 1396b (v) (3), noted: "[W]e do not believe that 42 C.F.R. § 440.255 or its history provide any support for the conclusion that the statutory definition of an emergency medical condition must be given a distinct and more liberal meaning than what is commonly understood to be a medical emergency." Greenery RehabilitationGroup, Inc. v. Hammon, supra, 150 F.3d 233.
There is no basis for distinguishing between the plaintiff's condition and that of the patients in Greenery. At least two of which patients were in substantially more fragile health. The plaintiff is receiving continuous and regimented care by dialysis, just as the patients inGreenery received in the form of a feeding tube or total dependence on nursing care. The fatal consequences of the discontinuance of such ongoing care does not transform into emergency medical condition care.
Greenery is consistent with authority recognizing the limited scope of medicaid coverage. In Beal v. Doe, 432 U.S. 438, 97 S.Ct. 2366,53 L.Ed.2d 464 (1977), the United States Supreme Court recognized that medicaid does not require the funding of every medical need. The lack of universal coverage of medicaid was also recognized in Alexander v.Choate, 469 U.S. 287, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985).
In a medicaid appeal, the Connecticut Supreme Court stated: "We are not without sympathy for those with minimal resources for medical care. But our sympathy is an insufficient basis for approving a recovery based on a theory inconsistent with law. . . . A reviewing court may not ignore federal regulations simply because it interprets [the Social Security Act] in a manner it considers preferable to the Secretary's interpretation." (Citations omitted; internal quotation marks omitted.) *Page 586 Clark v. Commissioner, supra, 209 Conn. 406.
The plaintiff relies on Gaddam v. Rowe, 44 Conn. Sup. 268, 648 A.2d 286
(1995) and Mercy Healthcare Arizona, Inc. v. Arizona Health Care CostContainment System, 181 Ariz. 95, 887 P.2d 625 (1994). Both cases concluded that "emergency medical condition" can include a long-term course of treatment. Greenery specifically considered Mercy Healthcare
and reached a contrary conclusion. The court finds that GreeneryRehabilitation Group, Inc. v. Hammon, supra, 150 F.3d 233, is both controlling and persuasive.
 The department's decision is affirmed and the appeal is dismissed.