[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON UNEMPLOYMENT COMPENSATION APPEAL
Appellant John G. Maile appeals to this court from the decision of the Employment Security Appeals Division — Board of Review, which affirmed the decision of the Appeals Referee, which in turn had affirmed the decision of the Administrator.
The Appeals Referee, on October 14, 1998 found the following facts. The decision of the Board of Review, mailed December 4, 1998 adopts the finding of the Appeals Referee. The Appeals Referee had found the following facts:
 1. The claimant appealed the decision of the Administrator dated September 9, 1998 which established an overpayment of $162.00 and assessed 7 penalty weeks due to the claimant's failure to report earnings from Trugreen Chemlawn for the week ending May 23, 1998.
 2. The claimant worked for Trugreen Chemlawn 21 hours during the week ending May 23, 1998 and eamed $242.34.
3. The claimant failed to advise the Administrator of the CT Page 5742 earnings.
 4. The claimant offered no reasonable explanation for the failure to report his earnings when filing for the week in question.
 5. This is the second time that the claimant failed to report his earnings to the Administrator.
The Appeals Referee further found that the claimant has offered no reason for failing to report all earnings. The appeals referee concluded:
"The claimant has offered no reasonable excuse for failing to report the earnings. The claimant has an extensive filing history and is well aware of the requirement to report all earnings during the week at issue. His excuse lacks credibility. Accordingly, the Administrator properly concluded the claimant deliberately failed to report his earnings for the week at issue."
The reason given by the appellant is that "that week was a hectic week for me. Bills were getting behind and I was getting nervous." That is obviously not a proper reason for failure to report earnings.
The Appeals Referee further found:
"Since this is the second offense committed by the claimant, the Administrator, pursuant to section 31-273-6(1)(1) of the Department of Labor Regulations, properly added 5 penalty weeks to the two week normally assessed for an overpayment of $162.00."
This latter finding is not contested by the appellant in any of the documents filed with the Administrative Agency or in support of this appeal.
The Administrator and the Referee, as affirmed by the Board of Review, determined that the appellant must repay the overpayment of $162.00; that there is to be assessed a 7 week penalty, consisting of two weeks by virtue of the overpayment and 5 weeks because of this being a second offense.
General Statutes § 31-273(b)(2) provides that "any person who has made a claim for benefits under this chapter and has CT Page 5743 knowingly . . . failed to disclose a material fact . . . in order to obtain benefits or to increase the amount of benefits shall forfeit benefits for not less than two or more than thirty-nine compensable weeks . . ."
The Administrator has assessed the minimum number of penalty weeks because of this failure to report income.
The law is clear as to the scope of Administrative appeals. "The court must not retry the facts nor hear evidence. . . . Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was arbitrary, illegal, or an abuse of discretion." United ParcelServices, Inc. vs. Administrator, 209 Conn. 381, 385, 386 (1988).
A review of the record clearly indicates that the Administrator's finding as to knowingly failing to disclose material fact for purposes of obtaining an overpayment is clearly supported by the record. Hence, the requirement for re-payment and the two week penalty, the minimum penalty provided by CGS § 31-273(b)(2) is totally appropriate and in accordance with said statute.
As to the additional five week penalty, Connecticut Regulations § 31-273-6, Administrative Penalty, section (f) (1) provides that where there is a finding "that the individual committed one prior offense, the Administrator shall impose an extra penalty of five forfeited weeks of benefits in addition to any other penalty imposed pursuant to this section; . . ."
The decision of the Administrator as to this five week penalty is factually supported by the record and is precisely in accord with the administrative regulations upon which the Administrator relied.
For this reason set forth herein the appeal is dismissed.
L. Paul Sullivan, J.