[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal of the decision of the Employment Security Board of Review which denied unemployment compensation to the claimant, William Davis, Jr. The court has reviewed the certified record of this unemployment appeal.
The claimant was initially ruled eligible for benefits by the Unemployment Compensation Administrator. The employer, Wal-Mart Associates, Inc., appealed the decision to the Employment Security Appeals Division. A hearing was conducted before the Appeals Referee. Pursuant to C.G.S. § 31-236 (a)(2)(B), the Referee found William Davis, Jr. ineligible to receive unemployment compensation, because he had been terminated for deliberate misconduct which constituted wilful misconduct. The claimant appealed to the Employment Security Appeals Division Board of Review which upheld the decision of the Referee and dismissed the appeal. The claimant's motion to reopen was denied; however, the matter was forwarded to the Superior Court as an appeal of the Board decision. A motion to correct the findings of the Board of Review was not filed by Mr. Davis.
"In deciding an appeal to the Superior Court, where no correction has been made to the findings, the court is limited to the certified record before it. The court does not retry the case. The court only considers whether the record contains evidence to support the conclusions reached by the Board of Review." Dickerson v. Administrator, No. CV-00-440352,2000 Ct. Sup. 14659, Judicial District of New Haven, at New Haven (November 30, 2000, Munro, J.).
The record discloses that the claimant was terminated by his employer, Wal-Mart Associates, Inc., on October 15, 1999. On that night Mr. Davis was working the third shift. He complained about his work assignment and was reassigned. Shortly thereafter, store managers saw the claimant speaking to other employees in the food aisle. They overheard Mr. Davis belittling these employees and instructed him to stop and return to work. The claimant refused and continued making negative remarks for several minutes. When one manager again asked him to stop, the claimant started screaming. He was then escorted to the manager's office and discharged. The claimant had been warned about his attitude and behavior on several previous occasions, and had been sent home on October 2, 1999, for repeatedly interrupting an employee meeting the manager was conducting. CT Page 13599
C.G.S. § 31-236 (a)(2)(B) states, inter alia, that an employee shall be ineligible for unemployment benefits if he or she was discharged or suspended "for wilful misconduct in the course of the individual's employment." Wilful misconduct is defined, in part, as "deliberate misconduct in wilful disregard of the employer's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied, provided such violation is not a result of the employee's incompetence . . ." C.G.S. § 31-236
(a) (16).[1]
There is substantial evidence in the record to support the Board's conclusion that Mr. Davis engaged in behavior on October 15, 1999, which was in wilful disregard of the employer's interest, and the cause of his discharge. Accordingly, the decision of the Board was not "unreasonable, illegal or an abuse of discretion." United Parcel Service, Inc. v.Administrator Unemployments Compensation Act, 209 Conn. 381, 385 (1988). The claimant's primary argument on appeal is that he was not provided with a copy of his personnel file prior to the Referee hearing. He propounds that the file contained documents supporting his position that his termination was for reasons other than wilful misconduct accordingly, he was deprived of his right to prove his case. The court finds this argument unpersuasive. The Board reviewed the claimant's personnel file prior to rendering its decision, and specifically found no "nexus" between the events cited in the documents referred to by the claimant and his discharge.
For the reasons stated above, the decision of the Board of Review is affirmed and the appeal of the claimant is dismissed.
CAROL A. WOLVEN JUDGE OF THE SUPERIOR COURT