[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff assessor for the Town of Franklin (assessor) appeals from a decision of the Freedom of Information Commission (FOIC) pursuant to General Statutes §§ 1-21(d) and 4-183. In his appeal, the assessor challenges the FOIC's determinations that the assessor (1) violated General Statutes §§ 1-15(a) and (b), 1-19(a) and 1-19a by failing to promptly provide the complainant Taconic Data Corp. (Taconic) an electronic copy of the public records it requested and (2) violated § 1-15(b) by improperly charging an excessive fee for providing the requested copy. Additionally, Taconic has filed a cross appeal asking the court to order the FOIC to revisit the issue of imposing civil penalties on the assessor in the event a remand is ordered on the assessor's appeal. The court finds the issues for the FOIC and the appeal and cross appeal are dismissed.
The assessor is a public agency within the meaning of General Statutes § 1-18a (a) of the Freedom of Information Act (FOIA). The FOIA provides for public access to public records. General Statutes §§ 1-18a (d), 1-19 (a), and1-15 (b).
The FOIC found the following facts. Taconic, on June 6, 1996, requested in writing that the assessor provide Taconic with an electronic copy of the assessor's "Property Data Characteristics information, preferably on a 3.5 inch diskette or 9 track tape in ASCII fixed length format." (Return of Record (ROR); Item 1.) At that time, the Town of Franklin (town) did not have an assessor. On July 1, 1996, the plaintiff started work as the assessor for the town. Upon reading Taconic's June 6 letter, the assessor responded by letter dated July 9, 1996. The letter stated in pertinent part:
 due to staff shortages in my office, an unfamiliarity with the Town of Franklin and our computer system/capabilities, I will not be able to complete your request at this time. I anticipate being able to provide, the requested information in approximately 10-12 months. In the meantime, the data you have requested [is] always available in our office M-Th 9:00 am — 4:00 pm and 6:00 p. m. until 8:00 p. m. on every Tuesday CT Page 7388 evening.
(ROR, Item 9.)
Taconic, having not yet received the requested electronic copy, filed a complaint with the FOIC on July 9, 1996.
Section 1-19a(a)[1] of the FOIA specifically addresses a public agency's obligation to provide records in a computer storage system in the medium requested. The cost for providing such records is determined by § 1-15(b), and that cost may not exceed the agency's cost.
Ultimately, the assessor, on April 22, 1997, offered to provide the requested record at a cost of $1,800; which cost was related to consultant services in making a copy of the records. (ROR, Item 12.)
At a hearing before the FOIC[2] Taconic presented evidence that the $1,800 fee was excessive and included work not necessary to provide a copy of the requested record. Taconic also offered evidence that the requested record could be produced by a simple copying procedure, and that similarly situated towns produced copies of similar data at a minimal fee.
The FOIC hearing officer credited Taconic's evidence and found that the assessor could provide Taconic with the document without an $1,800 fee for a consultant.[3] Accordingly, the FOIC determined that the $1,800 consultant fee was not necessary to provide the electronic copy of the requested public record in violation of § 1-15 (b)(2).
The FOIC found that the assessor violated §§ 1-15 (a),1-15 (b), 1-19 (a) and 1-19a for failing to provide the requested document promptly;[4] and by requiring the $1,800 fee.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, CT Page 7389 probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v. Department ofHealth Services, 220 Conn. 86, 94 (1991).
"With regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commissionon Hospitals Health Care, 182 Conn. 314, 318 (1980).
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations and internal quotation marks.)Dolgner v. Alander, 237 Conn. 272, 280 (1996).
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183(j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations and internal quotation marks omitted; footnote omitted.) Dolgnerv. Alander, supra, 237 Conn. 281. Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations and internal quotation marks omitted.) Id.
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has CT Page 7390 acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service, Inc. v.Administrator, Unemployment Compensation Act, 209 Conn. 381, 385
(1988).
"Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference. . . . [I]t is for the courts, and not administrative agencies to expound and apply governing principles of law." (Citations and internal quotation marks omitted.)Connecticut Light Power Co. v. Texas-Ohio Power, Inc.,243 Conn. 635, 642-43 (1998).
Citing Chapin v. FOIC, 22 Conn. App. 316, cert. denied,216 Conn. 814 (1990), the assessor asserts that by offering in his July 9, 1996 letter to allow inspection and copying of the written records at the assessor's office it met its FOIA obligations. However, as amended by No. 91-347 of the 1991 Public Acts, § 1-19a(a) requires public agencies to provide copies of non-exempt data on electronic media. Chapin was decided in 1990 and turned on the language of a previous version of § 1-19a which in effect only required paper printouts. The month delay in offering the requested document is clearly violative of the obligation to provide the record promptly under §§ 1-15 (a) and 1-19 (a).
As to the second issue, the evidence presented by Taconic established the unreasonableness of the $1,800 fee and the simplicity of the task involved in copying the diskette or 9 CT Page 7391 track tapes. Taconic's witness, a project manager for Taconic, testified that a simple one line computer command could be used by the assessor to download the information requested. (ROR, Item 14, pp. 10-13.) Additionally, he testified that towns other than Franklin had provided similar data on disk for a fee of $200. (ROR, Item 14, pp. 11-12.) The court, as it is obligated to do, defers to the agency's assessment of credibility of witnesses and right to believe or disbelieve the evidence presented by any witness. Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 540-42 (1987).
The determination that the requested fee was excessive is supported by substantial evidence.
Finally, the assessor points out that the Town of Franklin is a small town with only a part-time tax assessor. The administrative burden imposed on the town, or any agency for that matter, does not free it from its obligations under the FOIA. Our Supreme Court addressed this issue in Glastonbury Education Assn. v. Freedom ofInformation Commission, 234 Conn. 704, 714 (1995), where the court held: "[a]lthough the legislature's narrowly tailored approach to the FOIA exclusions and exemptions may add a layer of complexity to agency administration, the legislature implicitly has decided that the associated costs are outweighed by the benefits derived from open government."
Taconic's cross appeal is contingent on a remand to the FOIC following the setting aside of its decision in this case.
The court affirms the FOIC's decision and thus both the appeal and cross appeal are dismissed.
Robert F. McWeeny, J.