[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff is a used car dealer licensed by the defendant State of Connecticut Department of Motor Vehicles (DMV). The plaintiff was summoned by notice of May 24, 1995 to appear at a DMV hearing on charges that it violated: General Statutes §14-61, Temporary Transfer Registrations, 17 counts; General Statutes § 14-62 (c), Certificate of Title, 1 count; General Statutes § 14-12 (g), Out of State Inspection Requirements, 4 counts; and Conn. Agency Regs. § 14-164c-4 (b), State Inspection Required, 3 counts. The plaintiff appeared and participated with legal counsel at June 27 and July 11, 1995 hearings on such charges. The DMV hearing officer in a decision dated October 12, 1995 found that all the charges had been proven, except for the 3 counts of violating Conn. Agency Regs. § 14-164c-4 (b). The DMV imposed a $2,500 civil penalty, a $1,000 forfeiture bond and indefinitely suspended the plaintiff's authority to issue new registrations and temporary transfers until the plaintiff's representatives completed a DMV training program.
The plaintiff is aggrieved by such decision and has filed a timely appeal pursuant to the Uniform Administrative Procedures Act (UAPA) § 4-166, et seq.; § 4-183.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." CT Page 9432
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service, Inc. v.Administrator, Unemployment Compensation Act, 209 Conn. 381, 385
(1988).
"Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference. . . . [I]t is for the courts, and not administrative agencies to expound and apply governing principles of law." (Citations omitted; internal quotation marks omitted.)Connecticut Light Power Co. v. Texas-Ohio Power, Inc.,243 Conn. 635, 642-43 (1998).
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the CT Page 9433 trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations and internal quotation marks.)Dolgner v. Alander, 237 Conn. 272, 280 (1996).
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations omitted; internal quotation marks omitted; footnote omitted.)Dolgner v. Alander, 237 Conn. 281. Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations omitted; internal quotation marks omitted.) Id.
With respect to the 17 counts of failure to submit the temporary transfer registrations to the DMV, the plaintiff argues that it was improperly charged. Effective October 1, 1993, §14-61 was changed from allowing 20 day temporary permits, which were to be filed with DMV by dealers within 5 days, to 45 days permits, which were to be filed within 7 days. The plaintiff received a book of 20 day certificates from DMV and continued to issue 20 day certificates. The hearing notice refers to the prior 20 day registration and 5 day filing requirements, even though all of the alleged violations occurred after October 1, 1993. (See Return of Record (ROR), Items 1, 2.) However, at the hearing, the hearing officer addressed the issue of whether the temporary transfer registrations were submitted within 7 days. (ROR, Item 3, July 11, 1995 transcript, pp. 143-145.) The hearing officer, based on substantial documentary evidence, found that as to all 17 counts there had been a failure to submit with 7 days.
The record reflects that the plaintiff continued to issue 20 day certificates after October 1, 1993, when it could have used 45 day certificates. The period of the validity of the certificate is of no significance. General Statutes § 14-61
is primarily concerned with the submission of the information to CT Page 9434 the DMV. The plaintiff does not contest its failure to submit the documents necessary for permanent registration within 7 days of the issuance of the temporary registrations as to all 17 counts. Pursuant to the UAPA, "[t]he court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced. . . ." General Statutes § 4-183 (j). The plaintiff does not articulate any right which was compromised, or any theory under which its conduct could be found to be proper.
The plaintiff does not assert, nor does the record support, a due process claim. The 7 day issue was clearly addressed at the hearing. The evidence in the record shows that the plaintiff's submissions to the DMV were late under either version of the statute. The plaintiff clearly violated § 14-61 by failing to submit to the DMV the temporary registration papers within 7 days of issuance.
The plaintiff claims that Conn. Agency Reg. § 14-164c-4 (b) is void for vagueness. This claim apparently hinges on the plaintiff's mistaken belief that the hearing officer found that it had violated that regulation. (See plaintiff's brief, pp. 1, 2, 12-14.) However, in his findings of fact, the hearing officer stated: "It is alleged that the Licensee, in . . . three (3) instances, failed to comply with state emissions inspections prior to the issuance of permanent registrations but insufficient evidence was presented to substantiate the allegations. . . ." (ROR, Item 29, Decision, p. 6, para. 9.) The hearing officer concluded "[t]hat the Licensee did not violate Section 14-164c-4 (b) of the Motor Vehicle Regulations by issuing temporary registrations prior to emission testings." (Emphasis added.) (ROR, Item 29, Decision, p. 8, para. 4.) Because the DMV did not find that the plaintiff violated the regulation, the court will not address the plaintiff's claim that it is unconstitutionally vague. See Slimp v. Department of Liquor Control, 239 Conn. 599,609-10 (1996).
The plaintiff claims that it cannot be charged with violating14-12 (g) regarding the four charges of issuing temporary registrations without first obtaining safety inspections, because this statute is directed to the Commissioner of Motor Vehicles, not to dealers. However § 14-61 provides that licensed dealers may issue temporary registrations to a transferee who holds a current motor vehicle registration certificate. Section14-61 further provides that "[n]o such temporary registration may CT Page 9435 be issued if the transferred passenger motor vehicle . . . is used and was not previously registered in this state unless the inspection requirements of section 14-12 have been met." Because pursuant to General Statutes § 14-61 a dealer must comply with the inspection requirements of § 14-12 when issuing temporary transfers, a dealer may be charged with a failure to comply with such requirements. A comparison of the dates on the temporary registrations in the 20 day transfer book with the dates on the inspection reports in the application packets shows that the plaintiff issued the temporary registrations prior to obtaining safety inspections on the four occasions charged. (See ROR, Items 4, 7, 8, 9, 17.) The hearing officer's conclusion that the plaintiff improperly issued temporary registrations without first obtaining safety inspections is supported by substantial evidence.
The plaintiff also argues that the statute permits the issuance of a temporary registration without a Connecticut safety inspection when the vehicle has an out of state sticker. While General Statutes § 14-12 (g) allows the commissioner to issue a temporary registration for up to a 10 day period without regard to the inspection requirements, § 14-61 specifically requires that dealers meet the inspection requirements of § 14-12
before issuing a temporary registration.
Record Item 5 (State's exhibit C at the DMV hearing) establishes the § 14-62 (c) violation occurring on or about December 7, 1993. The vehicle was transferred on December 7, 1993, but the plaintiff did not receive the certificate of title until December 9, 1993. The lien was not released until such date. The hearing officer was not required to believe the testimony of Frank Pomarico on this issue and was entitled to accept the documentary evidence presented by the DMV. (See ROR, Item 5.) The plaintiff did not object to the admission of this documentary evidence at the hearing. (See ROR, Item 3, hearing transcripts.) The plaintiff could have called the purchaser as a witness if it thought her testimony would have supported the plaintiff's claim that it gave her the certificate of title on December 7, 1993. The DMV was not obligated to call her as a witness.
The decision is affirmed and the appeal is dismissed.
Robert F. McWeeny, J. CT Page 9436