[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Lori Crenshaw had been a bartender at a Marriott hotel for about a year and a half when she was fired on April 14, 1999. Her discharge was precipitated by an incident on Easter Sunday, when she brought a large private party to the hotel for brunch and mixed up a batch of Bloody Marys for them, serving them before the legal opening time for the bar, 11:00 AM. The determinative question in this case is whether the employment security board of review acted unreasonably and arbitrarily in finding that Ms. CT Page 4689 Crenshaw" served liquor to her private party in violation of the state liquor laws and after she was told twice not to go behindthe employer's bar either to prepare or serve liquor while she was not working there" and in concluding, based on that finding, that her "failure to follow the directive of the assistant restaurant manager to not go behind the employer's bar while she was a guest of the employer constitutes insubordination which is an act of disqualifying misconduct". (Emphasis added.) Board of Review Decision, p. 2.[1]
The limits on the court's function on such an appeal are spelled out in section 22-9(a) of the Practice Book:
 Such appeals are heard by the court upon the certified copy of the record filed by the board. The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses.
"It is not [the court's] function to adjudicate questions of fact, nor may it substitute its own conclusions for those of the board." Cervantes v. Administrator, 177 Conn. 132, 134 (1979).
At the same time the court "retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion". (Internal citations omitted.) United Parcel Service, Inc. v. Administrator,209 Conn. 381, 385 (1988). Thus, if the board's findings are without support in the record certified to the court, the court is empowered to find that the administrative action based on those findings was arbitrary and unreasonable.
The certified copy of the record filed with the court does not support the board's finding. What the record shows is that after
she mixed a pitcher of Bloody Marys for her party of family members, she was told to leave the area behind the bar, and she complied. Furthermore, the appeals referee, who heard the witnesses, did not find that Ms. Crenshaw was told "not to go behind the employer's bar . . . while she was not working there". Rather, he found that she was reminded by the assistant restaurant manager that she could not be behind the bar prior to11:00 AM". The appeals referee further found that, at some CT Page 4690 unspecified time, "the bartender on duty [not her superior] told her that she was not working and was a guest [and] she should return to her group". There is no evidence that this occurred after Ms. Crenshaw was directed not to go behind the bar[2]. Thus, there is no evidence supporting the board's finding, and the conclusion it drew therefrom was arbitrary and unreasonable.
Accordingly, the claimant's appeal from the decision of the board is sustained. Since the claimant did not commit an act of disqualifying misconduct, she is found to be eligible for unemployment compensation benefits.
BY THE COURT