[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves an appeal brought by the plaintiff union pursuant to the Uniform Administrative Procedure Act, Conn. Gen. Stat. § 4-166
et. seq. and Conn. Gen. Stat. § 31-109. The appeal is from a decision of the Connecticut State Board of Labor Relations (Labor Board). The other defendant in the case is the Town of Windsor.
The plaintiff, Local 1303-42, AFSCME Council 4 (Union) is an employee organization under the Municipal Employees Relations Act (MERA, § 7-467
et. seq.) and represents employees of the Town of Windsor, including employees in the positions of Maintainer II and Maintainer III job classifications.
The Union on October 29, 1997 filed a complaint with the Labor Board, alleging that the defendant Town of Windsor had violated the Municipal Employees Relations Act § 7-470 by unilaterally subcontracting certain bargaining unit work.
The complaint was heard before the Labor Board on April 21, 1998. The evidence was essentially undisputed.
The essential facts as set forth by the Labor Board decision paragraphs 3 through 8 are as follows:
 "3. For many years, the Town has contracted out painting of road center lines and side lines and all painting required after a new road has been constructed. CT Page 5968
 4. Painting of crosswalks and stop bar at stop signs showing motorists where to stop was performed by members of the bargaining unit, assisted on occasion by non-union summer employees.
 5. In October, 1997, the Town decided to contract out the painting of the crosswalks and stop bars to the contractor who had been painting the center lines and side lines.
 6. The contractor painted all the crosswalks and stop bars in a 12 hour period. The work could have been accomplished in about 8 hours had it not rained.
 7. The Town realized a cost savings of about 67% by having the outside contractor perform the painting work in question.
 8. No bargaining unit employee was laid off or displaced as a result of the subcontracting. No overtime or overtime opportunities were lost."
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable . . ." "Neither this court nor the trial court may retry the case or substitute its' judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations and internal quotation marks omitted.)Dolgner v. Alander, 237 Conn. 272, 280 (1997).
The substantial evidence rule governs, judicial review of administrative fact-finding under the UAPA Gen. Stat. § 4-183 (j)(5) (6). An administrative finding supported by substantial evidence in the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred.
A basic principle of administrative law is that the scope of the court's review of an agency decision is very limited. Gen. Stat. §4-183 (j) provides that "the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . the court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings inferences, conclusions, or decisions are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." CT Page 5969
"Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide, in light of the evidence, whether the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v.Dept. of Public Utility Control, 219 Conn. 51, 57-58 (1991). "The question is not whether the trial court would have reached the same conclusion, but whether the record before the commission supports the action taken." Hospital of St. Rafael v. Commission on Hospitals HealthCare, 182 Conn. 314, 318 (1980),
"The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, or in abuse of its discretion." (Citation and internal quotation marks omitted.) Boardof Education v. Freedom of Information Commission, 208 Conn. 442, 452
(1988).
Where "the issue is one of law, the court has a broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its' conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or in abuse of discretion. United Parcel Service, Inc. v. Administrator, UnemploymentCompensation Act, 209 Conn. 381, 385 (1988).
The Labor Board has previously set forth the standards for establishing prima facie case of unlawful unilateral subcontracting in its decision first articulated in City of New Britain, decision No. 3290 (1995).
Pursuant to the authority of City of New Britain in order to prove a prima facie case of unlawful unilateral subcontracting by the employer, the Union must establish: (1) that the work in question was bargaining unit work; (2) that the subcontracting or transfer of the work varied in kind or degree from past practice; and (3) that the subcontracting or transfer caused a substantial impact on the bargaining unit.
The Labor Board found that the first two elements were clearly established and the dispositive element was the issue of the impact of the subcontracting on the bargaining unit.
The Labor Board noted that in determining whether the subcontracting was substantial in its impact, it considered the question of layoffs or lost overtime; as well as "impairment of reasonably anticipated work opportunities" and "a practice that generates fears of future encroachment upon bargaining unit work". (City of New Britain decision page 37). The CT Page 5970 work subcontracted out in this case involved painting of crosswalks and stop bars which involved only 8 hours of work (12 hours because of the rain interruption). The Labor Board also assumed that this was the type of work which occurred only infrequently. It determined that the impact of the Town's action on the bargaining unit was "somewhere between none and de minimus". It considered that what was involved was "a very small amount of painting work that was added to the major painting work which had been subcontracted for years."
In enacting the Municipal Employees Relations Act, the legislature granted to the Labor Board the authority and responsibility for determining these issues. It would constitute a gross abuse of this court's limited powers of review to disturb this discretionary determination of the agency statutorily empowered to make such determinations. The Labor Board's decision reasonably resolves the dispute in accordance with established law.
The appeal is dismissed and the Labor Board decision is affirmed.
McWEENY, J.