[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves an administrative appeal pursuant to the Uniform Administrative Procedures Act Conn. Gen. Stat. § 4-166 et. seq. and Conn. Gen. Stat. § 31-109. The parties to the appeal are Local 1522, AFSCME, Council 4, AFL-CIO and Local 1303-321, AFSCME, Counsel 4, AFL-CIO (Union). The responding defendants are the Connecticut State Board of Labor Relations, (Labor Board) and the City of Bridgeport.
The Union at all times relevant to this case was the exclusive bargaining representative of certain employees of the City of Bridgeport including those persons employed at the Water Pollution Control Authority.
The Labor Board, pursuant to the Municipal Employees Relations Act ("MERA") Gen. Stat. § 7-467 et. seq., is charged with enforcement of the provisions of MERA. On July 10, 1997, Nathan Jackson, an individual member of the collective bargaining unit, filed a complaint with the Labor Board alleging that the City of Bridgeport, his employer; had CT Page 5963 violated MERA by failing to comply with the settlement agreement between the Union and City, dated January 29, 1997. It is not disputed that it is a violation of § 7-470 (a)(4) of MERA to refuse or fail to comply with a valid settlement agreement of a prohibitive practice complaint.
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agencies findings of basic fact and whether the conclusions drawn from those facts are reasonable . . ." "Neither this court nor the trial court may retry the case or substitute its' judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations and internal quotation marks omitted.)Dolgner v. Alander, 237 Conn. 272, 280 (1997).
The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA Gen. Stat. § 4-183 (j)(5)(6). An administrative finding supported by substantial evidence in the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred.
A basic principle of administrative law is that the scope of the court's review of an agency decision is very limited. Gen. Stat. §4-183 (j) provides that "the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . the court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record."
"Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of PublicUtility Control, 219 Conn. 51, 57-58 (1991). "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St.Rafael v. Commission on Hospitals Health Care, 182 Conn. 314, 318
(1980)
"The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, or in abuse of its discretion." (Citation and internal quotation marks omitted.) Boardof Education v. Freedom of Information Commission, 208 Conn. 442, 452
(1988). CT Page 5964
Where "the issue is one of law, the court has a broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its' conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or in abuse of discretion. United Parcel Service, Inc. v. Administrator, UnemploymentCompensation Act, 209 Conn. 381, 385 (1988).
In its' decision of May 27, 1999 (decision no. 3696-1) the court dismissed the union's complaint after finding that the City had complied with the provisions of the settlement agreement.
The City's obligations under the settlement agreement are clearly set forth as follows:
 "Mr. Jackson will begin work on February 3, 1997 as Sewage Plant Attendant.
 The City and Union will resolve the back-pay issue due to Mr. Jackson. If the parties are unable to agree on the back-pay settlement, this complaint will be re-filed on that issue only."
 Memorandum of Decision, p. 5, finding of fact #24.
With respect to the City's obligation concerning the backpay dispute, the Labor Board construed the City's obligation and performance under this agreement at page 9 of its' decision.
 "The City is not required to do anything pursuant to this provision other than attempt to reach agreement on an appropriate amount of back-pay. There is no evidence on the record that the City refused to negotiate with the union or otherwise acted in bad faith with respect to the back-pay issue."
 Labor Board decision, p. 9.
This construction of the employer's obligation is apparent from the specific language of the agreement and from the substantial evidence in the record of the City's willingness to negotiate a back-pay settlement. The back-pay issue resolution specifically spelled out in the agreement is that the union would re-file its original complaint on the back-pay issue if necessary. This accordingly was not the appropriate procedure to CT Page 5965 determine the back-pay issue. In this appeal, the union criticizes the Labor Board for not resolving the back-pay issue. This was not the appropriate vehicle. The issue in this complaint was the allegation that the City engaged in prohibited practices under MERA, not what back-pay was due Mr. Jackson. The details of Mr. Jackson's return to work and the elimination of that position are set forth in findings of fact 25 through 31.
The union's claim with respect to the return to work obligation is that the City acted in bad faith by placing Mr. Jackson, who had a history of back and knee injuries, in a position he could not perform.
Based on substantial evidence in the record, the Labor Board concluded:
 "The record before us demonstrates that the parties discussed Mr. Jackson's ability to perform in the capacity of Sewage Plant Attendant prior to reaching an agreement to place him in that position. Mr. Jackson represented to the City that he was capable of performing the job duties of the position as described by the City. That the City agreed to place him in that position and did so effective February 3, 1997 as the settlement agreement required. We conclude that the City complied with the settlement agreement by placing Mr. Jackson in the specified position. Thereafter, when Mr. Jackson was either unwilling or unable to fully perform his job duties, the City was required to remove him from the position or to have his medical condition assessed. We do not find that the City's actions in this regard were bad faith attempt to circumvent the terms of the settlement agreement. These conclusions are specifically supported by testimony of the City employees who supervised Mr. Jackson at the sewage plant."
For purposes of the substantial evidence rule regarding administrative appeals, our Supreme Court has determined in Dolgner v. Alander, supra,237 Conn. at 281 that substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." The Labor Board had conflicting evidence and they chose to accept the testimony of witnesses other than Mr. Jackson. It was their duty as the finder of fact to determine what the facts were, and was within their discretion, to choose what evidence to accept. There is substantial evidence in the CT Page 5966 record to support the Labor Board's determinations.
The decision of the Labor Board is affirmed and the appeal is dismissed.
McWEENY, J.