[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The claimant (Heath) appeals the decision of the Board of Review (the Board) pursuant to Conn. Gen. Stat. § 31-249b dated January 6, 2000.[1]
Heath appealed the decision of the Referee to the Board asserting that the Referee should not have reopened the case for a hearing before him after the employer's failure to appear at the original scheduled hearing before him and also that he had been paid unemployment benefits before, during periods of layoffs.
The Administrator filed in this court the record of the Proceedings in this matter.
Under the holding in United Parcel Service v. Administrator,209 Conn. 381, 385 the court is limited to review of the record filed by the Board of Review. The court is bound by the findings of fact and reasonable conclusion adopted by the Referee in making its determination as to whether the Board's decision is arbitrary, unreasonable or illegal. The court may not substitute its conclusions. CT Page 15915
Notice of the appeal was given to the parties for a new hearing date November 8, 1999 by the Appeals Referee regarding reopening for good cause and the issue of Section 31-227 (d) of the Connecticut General Statutes which provides:
 Whether the claimant worked in any capacity for an educational institution or educational service agency; whether he was unemployed during an established and customary vacation period, holiday recess, or the period between two academic semesters or terms; whether the claimant performed services immediately prior to the established vacation period, holiday recess, or during one academic semester or term; and whether the claimant has a contract or reasonable assurance of performing such services after the vacation, holiday recess, or during the following academic semester or term.
The Appeals Referee on November 10, 1999 found good cause to reopen the case to allow the employer to prosecute the appeal from the eligibility of benefits.
Under § 31-227(d)(2) benefits shall not be paid with respect to any week which commences during a period between two successive academic years or terms on the basis of service performed in any capacity to any individual for any week which commences during a period between two successive academic years or terms and there is reasonable assurance that such individual will perform such services in the period of such academic year or term. The Appeals Referee found that the claimant in May 1999 was provided with reasonable assurance that he would be afforded an opportunity to return to work on or about September 1, 1999 as a security officer after the term between September 1998 and June 28, 1999 and accordingly was ineligible for the two weeks unemployment compensation he received for August 15, 1999 through August 28, 1999.
The Board adopted the findings and conclusions of the Referee. (See footnote 1)
Upon review of the record and the discussion contained herein the court does not find that the Board was unreasonable, arbitrary or illegal in denial of benefits.
The appeal is denied.
Frank S. Meadow, J.T.R. CT Page 15916